72 So.2d 285 (1954)
JONES
v.
FLORIDA POWER CORP. et al.
Supreme Court of Florida, Special Division B.
April 6, 1954.
Rehearing Denied May 19, 1954.
*286 Farish & Farish, West Palm Beach, and Holland, Bevis & McRae, Bartow, for appellant.
Haskins & Bryant, Sebring, for appellees.
ROBERTS, Chief Justice.
This is an appeal from a summary judgment entered in favor of defendants, appellees here, in a common-law action for damages filed by plaintiff-appellant to recover for injuries alleged to have been caused by the negligence of the defendants.
The factual background is as follows: The Florida Power Corporation ("Corporation" hereafter) entered into separate contracts with the Grinnell Company, Inc. ("Grinnell" hereafter) and Burns & Roe, Inc. ("Burns" hereafter) for the construction of an extension to the Corporation's plant at Avon Park, Florida. The contract with Grinnell recited that Grinnell was employed "as an independent contractor * * to furnish labor, material and equipment and erect all fabricated piping, valves, miscellaneous general piping and such other work of similar nature as may be directed by the Company Engineer"; and also that "It is understood that you will supervise the work and job personally, use your own equipment and employ your own labor." The Burns contract provided for the designing and supervision of construction of the plant by Burns and also that Burns would act as "general contractor in the performance of construction and erection work, and to perform such work with their own field forces", when requested to do so by the Corporation. From exhibits filed in the record, it appears that Burns subsequently agreed to perform certain construction work on the project, although not that included in the contract with Grinnell.
The plaintiff was an employee of Grinnell. He was injured when, in the course of his employment, he was struck by an overhead crane owned by the Corporation and being operated by an employee of Burns. In his suit against the Corporation and Burns to recover for his injuries, he alleged that both Burns and Grinnell, his employer, were independent contractors with the Corporation, each engaged in construction work unrelated to that of the other, and that each was guilty of named acts of negligence proximately causing his injuries.
Burns and the Corporation defended on the principal ground that the construction job was "an inter-related, indivisible project consisting of one business or establishment, and further the said defendant, Burns & Roe, Inc., was also employed as general contractor by defendant, Florida Power Corporation, in the performance of construction and erection work on said job;" that the work contracted to Grinnell by the Corporation was to be made "under the direct and exclusive guidance, supervision and control of defendant, Burns & Roe, Inc." It was also alleged in the answer that the Corporation had in its contracts with Burns and Grinnell required them to carry workmen's compensation insurance for their respective employees; that the plaintiff had received and was receiving workmen's compensation from Grinnell's insurance carrier; and that plaintiff's exclusive remedy was under the Workmen's Compensation Act of the State of Florida, F.S.A. § 440.01 et seq., "since none of the defendants are (sic) third parties as contemplated by the Workmen's Compensation Act."
The defendants jointly moved for a summary judgment in their favor on the ground that neither was a third party within the meaning of the Workmen's Compensation Act, as shown by the pleadings, the depositions on file, and the affidavit accompanying their motion. Counter affidavits were filed by the plaintiff. The lower court, in ruling on this motion in defendants' favor, said:
"Upon the admitted facts and law hereinbefore set forth or referred to, it appears clearly to the undersigned Circuit Judge that Florida Power Corporation, having entered into independent contracts with Grinnell Company and Burns & Roe, respectively, and having specifically provided in each contract that the construction contractor *287 should carry workmen's compensation to protect all employees, must be considered an employer under the meaning of the word `employer' stated in Section 440.02, of F.S.A. as `All public and quasi-public corporations' (and) `every person carrying on any employment' and as a `common employer' of all men working on the general construction project, as the word `common employer' is used in 48 So.2d 840, on page 844 [Miami Roofing & Sheet Metal Co., Inc. v. Kindt], under either Grinnell Company or Burns & Roe, whether said Grinnell Company and Burns and Roe be considered as independent contractors under Florida Power Corporation or subcontractors under said Florida Power Corporation; and it appears with the same clearness that the defendant Burns & Roe is protected by workmen's compensation provided by said Florida Power Corporation through its independent contractors Grinnell Company and Burns & Roe.
"It would be utterly unfair for the Court to hold that Florida Power Corporation, being the project owner, principal contractor and `common employer,' of all the employees of said Grinnell Company and Burns & Roe, after said common employer by its contracts had required both Grinnell Company and Burns & Roe to carry workmen's compensation for all employees working on the whole construction project, should under the circumstances of this case be considered a third party tort feasor and yet, at the same time, say to said Florida Power Corporation that if it, the Florida Power Corporation, had first employed a `general contractor' for the whole construction project and then let the general contractor subcontract with said Grinnell Company and Burns & Roe as sub-contractors, then said Florida Power Corporation would have been relieved of the responsibility."
The real question here is whether the Corporation is an "employer" within the meaning of the Workmen's Compensation Act. If it is such an "employer", then it is liable for and is required to "secure the payment to [its] employees of the compensation payable under §§ 440.13, 440.15 and 440.16." Section 440.10, Florida Statutes 1953, same F.S.A. If it is an "employer", is it also a "contractor", within the meaning of Section 440.10, supra? If so, it is subject to the provisions of this section, as follows:
"In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment, and the contractor shall be liable for and shall secure the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment." (Emphasis supplied.)
The fact that the Corporation in its contracts with Grinnell and Burns required them to provide workmen's compensation for their employees is indeed commendable but is irrelevant to a determination of the question here presented. The question is whether the Workmen's Compensation Act imposed upon the Corporation the duty, as an "employer" and "contractor", to secure compensation for such employees. It is the liability to secure compensation which gives the employer immunity from suit as a third party tort-feasor. His immunity from suit is commensurate with his liability for securing compensation  no more and no less.
If the Corporation was, in fact, liable for and required to secure compensation for Grinnell's and Burns' employees, then the Corporation is immune from suit by the plaintiff as a third-party tort-feasor, since Section 440.11 provides that "The liability of an employer prescribed in § 440.10 shall be exclusive and in place of all other liability of such employer * * *"; and if the plaintiff and Burns' employee were "engaged in the same contract work" under a "common employer", then Burns is immune *288 from suit by the plaintiff for the negligence of its employee, regardless of whether Burns and Grinnell were or were not independent contractors. Miami Roofing & Sheet Metal Co. v. Kindt, Fla., 48 So.2d 840.
In the Miami Roofing & Sheet Metal Co. case, we cited a decision by the Massachusetts court, Dresser v. New Hampshire Structural Steel Co., 296 Mass. 97, 4 N.E.2d 1012, in which a similar conclusion was reached upon similar facts. Since its decision in that case, the same Court has had occasion to consider the question presented in the instant case, under facts very like those here present. In Pimental v. John E. Cox Co., 299 Mass. 579, 13 N.E.2d 441, 444, the facts were as follows: Cook Brothers were engaged in the trucking business. They entered into separate contracts with two independent contractors for the performance of different phases of the work involved in the construction of a building for use in its trucking business. The employee of one of such contractors was injured in the course of his employment by the negligence of an employee of the other contractor. Both contractors carried workmen's compensation, as required by their contracts with Cook Brothers, and the plaintiff received workmen's compensation from his employer's insurance carrier. In holding that a common-law action could be maintained, the court, after citing the rule from the Dresser case as to the purpose of the Act, that is, "`to sweep within its provisions all claims for compensation flowing from personal injuries arising out of and in the course of employment by a common employer'", said:
"In the present case, however, there was no `common employer insured under the act' with respect to the work on which the plaintiff as an employee of one independent contractor and the defendant as another independent contractor were engaged. While the work on which the independent contractors and their employees were engaged might well be described as a common job, there was no `common employer' unless it was Cook Brothers, and they were not `insured under the act' with respect to this job of erecting the freight terminal and garage."
In holding that the rule of the Dresser case should not be extended to the facts in the Pimental case, the court said further:
"It is the fact that such contractor or employer is insured and that the protection of such insurance must, under the statute, extend to all workmen on the job whether or not employed immediately by the general contractor or employer * * * which gives such general contractor or employer and all persons or corporations engaged on the job as employees, independent contractors or subcontractors  irrespective of whether such independent contractors or subcontractors are also insured  immunity against actions at law brought by or in the right of other employees so engaged. * * * We think that a group of independent contractors insured under the act, though their insurance in combination covers all the employees on the work which is being done for an owner of property, is not an adequate substitute for a `common employer insured under the act' whose existence gives the work as a whole the character of a common job or employment, within the scope of which actions at law for damages cannot be brought between persons engaged thereon as employees or independent contractors or subcontractors. In such a situation there is no basis for immunity of an independent contractor outside the scope of the insurance which such independent contractor has himself procured. This is the situation in the present case. The plaintiff was outside the scope of the insurance under the workmen's compensation law procured by the defendant."
The analogy between the facts in the Pimental case and those in the instant *289 case is immediately apparent. Here, as there, there is nothing in the record to show that there was a "common employer". We agree with the Massachusetts court that the mere fact that the plaintiff and Burns' employee were working on the same general project does not make them employees of a "common employer". The record does not show, nor is there any allegation, that the Corporation, as to the construction job in which plaintiff was employed, was liable for and required to secure workmen's compensation for the employees of Burns and Grinnell, as an "employer" engaged in this particular construction job. And, as heretofore noted, if there was no liability as an employer under the Act, there was no immunity from suit as a third-party tortfeasor. Nor can the Corporation be considered a "contractor," (and thus the "statutory" employer of Burns' and Grinnell's employees) within the meaning of Section 440.10 quoted supra, since the clear implication in this part of the Act is that there must be a contractual obligation on the part of the contractor, a portion of which he sublets to another. To "sublet" means to "underlet", Webster's New International Dictionary; in the context in which it is here used, the effect of subletting is to pass on to another an obligation under a contract for which the person so "subletting" is primarily obligated. The Corporation, under the facts here present, had no primary obligation under a contract which it was passing on to another. It was not, then, a "contractor" within the meaning of the Act.
For the reasons stated, it was error to enter summary judgment for the defendants on the basis of the pleadings, depositions and affidavits in the record. Accordingly, the judgment appealed from is reversed and the cause remanded for further proceedings not inconsistent with the opinions herein expressed.
Reversed and remanded.
DREW and BUFORD, JJ., and SPOTO, Associate Justice, concur.