Donald W. WHITNEY, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. PCA 78–0431.

United States District Court, N. D. Florida, Pensacola Division.

May 22, 1978.

Dennis K. Larry, Jeffrey A. Cramer, Pensacola, Fla., for plaintiff.

Thomas G. Banjanin, Asst. U. S. Atty., Pensacola, Fla., for defendant.

### ORDER

ARNOW, Chief Judge.

Before the court is motion of defendant for summary judgment. As grounds for the motion, defendant contends the United States was either the statutory or the special employer of plaintiff and is immune from suit since plaintiff has already received workmen's compensation benefits for his injuries.

Respecting the status of the United States as a statutory employer, defendant relies on *Roelofs v. U. S.*, 501 F.2d 87 (5th Cir. 1974) and *Richardson v. U. S.*, Civ.No. 75–C–473–B (N.D.Okla.1976). *Roelofs* involved the Louisiana Workmen's Compensation Act which is markedly different from that in Florida. Under La.Rev.Stat. 23:1061 a principal, as well as a principal contractor, is liable for the payment of workmen's compensation, whereas under F.S. 440.10 this is not the case.

In *Roelofs* the court summed up the case by saying: "The key finally is the existence of adequate insurance required and paid for by the government." Under Florida law the fact that an owner in its contract with the contractor requires the contractor to provide insurance is irrelevant. Rather it is liability to secure compensation under the Workmen's Compensation Act which gives immunity from suit. *Smith v. Ussery*, 261 So.2d 164 (Fla.1972) and cases cited therein. There is no liability on the part of an owner, or principal, to secure compensation under the Florida Statutes.

Provisions in a government contract requiring the contractor to provide insurance and requiring the government to reimburse him normally will not bar an employee of the contractor from suing the government under the Tort Claims Act. *Jayson, Handling Federal Tort Claims*, § 162. The court concludes that the provisions of La. Rev.Stat. 23:1061 give rise to the abnormal situation in which this general rule would not obtain.

There was no written opinion and no citation of authorities in *Richardson*, the magistrate and the court merely stating the United States was a statutory employer under Florida law and thus entitled to immunity under that law. As stated above, this court finds the Florida law to be to the contrary and therefore does not consider *Richardson* persuasive authority.

In view of the foregoing, the court finds there is no genuine issue of material fact and the United States does not have the status of a statutory employer as a matter of law.

Respecting the contention that the United States was a special employer of plaintiff, the factual matter now in the record is insufficient on which to base a determination that there is no genuine issue as to material fact.

Therefore, it is ORDERED:

1. Motion of defendant for summary judgment is hereby denied.

2. Defendant has thirty (30) days after the date hereof in which to serve answer to plaintiff's interrogatories.

3. Defendant has ten (10) days after the date hereof in which to serve answer to the complaint.

4. Plaintiff has ten (10) days after service of answer in which to plead thereto as advised.

DONE AND ORDERED this 22nd day of May, 1978.