410 So.2d 561 (1982)
James Robert SHEEDY, Personal Representative of the Estate of Robert Sheedy, Deceased, Appellant,
v.
VISTA PROPERTIES, INC., and Robert Ewing, Appellees.
No. 81-460.
District Court of Appeal of Florida, Fourth District.
February 10, 1982.
Rehearing Denied March 18, 1982.
*562 Vincent A. Lloyd of Lloyd & Brown, Fort Pierce, for appellant.
Bradford L. Jefferson of Brennan, McAliley, Hayskar & McAliley, Fort Pierce, for appellees.
DOWNEY, Judge.
Appellee, Vista Properties, Inc., (Vista) owned certain real property upon which it was constructing a condominium project. The construction was being conducted by Vista under a general contractor's license issued to Vista's president, appellee Ronald Ewing. In order to finance the project Vista entered into a Loan & Development Agreement with Gibraltar Savings Association (Gibraltar) wherein Gibraltar would finance the cost of construction and divide the profit on the project equally.
Vista contracted with Arlington Electric (Arlington) to perform the electrical work on the project. One of Arlington's employees, Robert Sheedy, was injured on the job by Vista's alleged negligence. Although Sheedy received Workers' Compensation benefits through Arlington he filed a third party tort claim against Vista and Ewing. Vista moved for summary judgment in support of which Vista showed that, as the owner and general contractor on the job, it had provided Workers' Compensation insurance coverage for all workmen on the job and was thereby entitled to the immunity from tort actions provided by Section 440.11, Florida Statutes (1980). The trial court granted a summary judgment for Vista based upon a finding that Vista was bound by a contract to construct the improvements for a third party, Gibraltar and was thus required to furnish Workers' Compensation benefits for Sheedy which in turn entitled Vista to the immunity provided by Section 440.11. This appeal was perfected to review that summary judgment.
The ultimate question for decision in this case is whether Vista was liable for Workers' Compensation benefits under the Act. If the answer is in the affirmative then Vista is immune from suit because compensation benefits were furnished to Sheedy. If the answer is in the negative then regardless of the fact that benefits were furnished Sheedy, Vista is not immune from a third party tort action and the trial judge's conclusion would be correct.
The answer to the question presented is to be found in Jones v. Florida Power Corp., 72 So.2d 285 (Fla. 1954) and State v. Luckie, 145 So.2d 239 (Fla. 1st DCA 1962). In Jones, Florida Power owned the property in question and contracted with several independent contractors Grinnell Company, Inc., and Burns & Roe, Inc., to perform work on the project. Jones, an employee of Grinnell was injured by an employee of Burns & Roe. Florida Power's contract with the two independent contractors required them to provide Workers' Compensation insurance and Jones actually received those benefits. Jones filed a third party tort action against Florida Power and Burns & Roe but suffered an adverse summary judgment in favor of said defendants. It is interesting to note that in this final summary judgment the trial judge stated:
"It would be utterly unfair for the Court to hold that Florida Power Corporation, being the project owner, principal contractor and `common employer,' of all the employees of said Grinnell Company and Burns & Roe, after said common employer by its contracts had required both Grinnell Company and Burns & Roe to carry workmen's compensation for all employees working on the whole construction project, should under the circumstances of this case be considered a third party tort feasor and yet, at the same time, say to said Florida Power *563 Corporation that if it, the Florida Power Corporation, had first employed a `general contractor' for the whole construction project and then let the general contractor subcontract with said Grinnell Company and Burns & Roe as sub-contractors, then said Florida Power Corporation would have been relieved of the responsibility."
The Supreme Court, however, rejected the trial judge's conclusions and reversed the summary judgment. In reversing, the Supreme Court stated that the real question was whether Florida Power was an "employer" and a "contractor" within the meaning of the Workmens' Compensation Act. The court held there was no showing that Florida Power was a common employer of the two independent contractors. Furthermore, the court held that Florida Power was not shown to be a "contractor" within the meaning of the Act "since the clear implication in this part of the Act is that there must be a contractual obligation on the part of the contractor, a portion of which he sublets to another." The point is made that the effect of subletting is to pass on to another the obligation under a contract for which the sublettor is responsible. Jones establishes that in order for there to be a subletting so as to create a contractor-subcontractor relationship the contractor must be obligated to construct the improvement under a contract with a third person. In Jones Florida Power was the owner constructing an improvement for itself. In the present case Vista was the owner constructing an improvement for itself. Vista's contract with Arlington was not a subletting but rather an initial contract for work which the owner, Vista wanted performed. It follows that if Vista was neither an employer nor a contractor within the meaning of the Act then it was not liable for Workers' Compensation insurance to Sheedy. Not being liable under the statute, Vista was not immune. As the court stated in Jones:
It is the liability to secure compensation which gives the employer immunity from suit as a third party tort-feasor. His immunity from suit is commensurate with his liability for securing compensation  no more and no less.
The trial judge in Jones indicated the apparent inequity in holding that a corporation which is the owner and builder on the job and which obtains Workers' Compensation insurance to cover employees on the job should nonetheless be liable in tort. Whereas, had the same corporation-owner contracted with a general contractor to build the improvement and he in turn had contracted with a subcontractor, the corporation would be immune from a tort action by an injured employee. However, that is a legislative matter and the legislature has provided otherwise.
Vista and Ewing do not appear to disagree with much of what has been set forth heretofore. In their brief they state:
The only real issue on appeal is whether or not the Defendant VISTA PROPERTIES OF VERO BEACH, INC. qualified as a general contractor within the purview of Florida Statute 440.10(1). In order to so qualify VISTA PROPERTIES OF VERO BEACH, INC. had to be under a primary contractual obligation, a portion of which was sublet to the Plaintiff's employer, Arlington Electric.
Vista contends and the trial judge found that Vista actually had a primary contract with Gibraltar. Therefore, Vista argues that it was in the position of a general contractor vis-a-vis Arlington and the latter's contract was in reality a subcontract. We are compelled to disagree with this analysis of the facts of the case. The Loan & Development Agreement which Vista had with Gibraltar was to loan Vista the money to procure the property and build the improvements thereon. Vista was to repay the amount loaned and in addition Gibraltar was to receive 50% of Vista's profit on the project. The Agreement states that, "the relationship between the parties shall be that of an owner and a lender, and in no event shall the contract or services performed hereunder be interpreted as that of a joint venture or partnership." Nothing in the Agreement creates an obligation on Vista's part which could be sublet to Arlington. *564 We note also that the provisions of the Agreement which require the development to be in accordance with its terms; the provisions which give Gibraltar approval rights regarding the master plan and specific development plans and other such supervisory provisions of the contract are not unusual in this type of financing arrangement. The necessity of this power to oversee is particularly understandable since Gibraltar was obligated to lend the entire cost of the development. We believe that substantial supervisory control would be consistent with the activities of a sophisticated lender.
In view of the foregoing we hold the entry of summary judgment for appellees was error. Accordingly, the judgment appealed from is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
BERANEK and HURLEY, JJ., concur.