HURLEY, Judge.
This appeal is taken from a summary final judgment which found that the defendant/appellee, General Builders Corporation of Fort Lauderdale, Inc. (General Builders), is immune from suit by virtue of sections 440.10 and 440.11, Florida Statutes (1981).[1] Plaintiff/appellant opposed the *66 summary judgment, contending that General Builders and its sister corporation, Cedar Lane, were so totally dominated by their parent corporation that the three should be viewed as a single entity. If adequately established, this would cause General Builders to be classified as an “owner-builder” rather than a general contractor and, thus, it would be unable to qualify for tort immunity under the statutes in question. We find that there is a genuine issue of material fact concerning General Builders’ corporate status and, consequently, we reverse and remand.
James Sisk was fatally injured while working on the construction of Silver Hatch Condominium Phase II. General Builders Corporation of Fort Lauderdale was the general contractor of record while Cedar Lane Developers, Inc. was the owner of record. Both corporations are subsidiaries of General Builders Corporation. Sisk’s personal representative filed suit against the two sister corporations, General Builders and Cedar Lane. General Builders obtained a summary judgment by arguing that it was a contractor and, therefore, entitled to tort immunity under section 440.11, Florida Statutes (1981). Plaintiff attempted to thwart the summary judgment by submitting depositions and documents to support his allegation that the two subsidiaries were so totally dominated that they were not entitled to be viewed as separate entities. He claimed that if this were established at trial, General Builders would not be entitled to the tort immunity conferred on contractors by sections 440.10 and 440.11, Florida Statutes (1981).
Two ostensibly separate corporations will be treated as one when it is established that one of the corporations totally dominates the other “to the extent that the subservient corporation manifests no separate corporate interests of its own and functions solely to achieve the purposes of the dominant corporation.” Krivo Industrial Supply Co. v. National Distillers & Chemical Corp., 483 F.2d 1098, 1106 (5th Cir.1973), modified per curiam, 490 F.2d 916 (5th Cir.1974). “When one corporation controls and dominates another corporation to the extent that the second corporation becomes the ‘mere instrumentality’ of the first, the dominant corporation is liable for the torts of the subservient corporation.” Dania Jai Alai Palace v. Sykes, 425 So.2d 594, 598 (Fla. 4th DCA 1982); accord Vantage View Inc. v. Bali East Development, 421 So.2d 728 (Fla. 4th DCA 1982). Dania Jai Alai lists some of the criteria to be considered in determining whether a subsidiary is a mere instrumentality or alter ego of a parent corporation:
(1) The parent corporation owns all or majority of the capital stock of the subsidiary. (2) The parent and subsidiary corporations have common directors or officers. (3) The parent corporation finances the subsidiary. (4) The parent corporation subscribes to all the capital stock of the subsidiary or otherwise causes its incorporation. (5) The subsidiary has grossly inadequate capital. (6) The parent corporation pays the salaries or expenses or losses of the subsidiary. (7) The subsidiary has substantially no business except with the parent corporation or no assets except those conveyed to it by the parent corporation. (8) In the papers of the parent corporation, and in the statements of its officers, “the subsidiary” is referred to as such or as a department or division. (9) The directors or executives of the subsidiary do not act independently in the interest of the subsidiary but take direction from the parent corporation. (10) The formal legal requirements of the subsidiary as a sepa *67 rate and independent corporation are not observed.
Id. at 599, quoting Fish v. East, 114 F.2d 177, 191 (10th Cir.1940).
“Whether a subsidiary is a mere instrumentality is normally a question of fact for the jury.” Dania Jai Alai at 598. The record in the case at bar discloses that the plaintiff submitted documents and depositions to support his contention of total domination. By so doing, the plaintiff raised a genuine issue of material fact concerning the corporate status of the defendant/subsidiary and the availability of immunity under sections 440.10 and 440.11, Florida Statutes (1981). Accordingly, we reverse and remand for further proceedings.
REVERSED and REMANDED.
GLICKSTEIN, J., and OWEN, WILLIAM C., Jr., Associate Judge, concur.

. Under Florida’s Workers’ Compensation Law, employers who provide workers’ compensation benefits are immune from tort suits by employees injured in the course of their employment. § 440.11, Fla.Stat. (1981). Under the law, “contractors” who sublet work become statutory employers of their subcontractor’s employees. § 440.10, Fla.Stat. (1981). This statutory “employment” requires the contractor to pro *66 vide worker’s compensation benefits and bestows tort immunity on the contractor.
Owners who act as their own general contractor in developing property, however, do not become statutory employers of the employees of “subcontractors.” In this situation, the owner-builder is not a true “contractor” within the meaning of the Workers’ Compensation Law and the companies he hires are “independent contractors” rather than “subcontractors.” See, generally, Jones v. Florida Power Corp., 72 So.2d 285 (Fla.1954); Sheedy v. Vista Properties, Inc., 410 So.2d 561 (Fla. 4th DCA 1982).