446 So.2d 1132 (1984)
PEPPERIDGE FARM, INC. and Liberty Mutual Insurance Company, Appellants,
v.
Gerald BOOHER, Appellee.
No. 83-668.
District Court of Appeal of Florida, Fourth District.
February 29, 1984.
Rehearing Denied April 3, 1984.
Lanza, Sevier, Womack & O'Connor, P.A., Coral Gables, and James C. Blecke of Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, for appellants.
Herbert W. Virgin, III, of Virgin, Whittle & Kray, P.A., and Ira J. Druckman of Ira J. Druckman, P.A., Miami, for appellee.
PER CURIAM.
We believe the trial court erred in denying the motion for directed verdict of appellant, Pepperidge Farm, Inc., predicated on its affirmative defense that appellee, Gerald Booher, was a special employee of Pepperidge Farm and that his tort claim was barred by virtue of the availability of workers compensation for the claim. We are unable to perceive any meaningful distinction between the facts of this case and our holding in Hamilton v. Shell Oil Co., 215 So.2d 21 (Fla. 4th DCA 1968). We are particularly influenced also by the Florida Supreme Court's statement in Shelby Mutual Insurance Co. v. Aetna Insurance Co., 246 So.2d 98 (Fla. 1971):
In both the Berrier [v. Associated Indemnity Co., 142 Fla. 351, 196 So. 188 (1939)] and Stuyvesant [Corp. v. Waterhouse, 74 So.2d 554 (Fla. 1954)] cases, there was a definite arrangement made between the general and special employers regarding the employees' services, and the employees were aware of these arrangements.
Id. at 100. The Supreme Court relied heavily on this distinction in upholding a finding that no special employee status existed in the case under review. We similarly place great reliance on the presence of a definite arrangement between the general and special employers here and the employee's knowledge thereof.
We acknowledge that our decision is in apparent conflict with the holding in Thornton v. Paktank Florida, Inc., 409 So.2d 31 (Fla. 2d DCA 1981), although arguably the cases could be distinguished by the fact that the agreement between the general and special employers expressly provided that the general employer would *1133 be the employer for all purposes. We tend to agree, however, with the dissent of Judge Grimes therein that such a provision is not a valid basis for determining an employee's status as a special employee. We also acknowledge that our decision is tantamount to a holding that where a general employer in the business of providing temporary help provides compensation coverage to an employee while he is on assignment working for another employer, then that employee is barred from suing his special employer for on-the-job injuries.
Accordingly, we reverse the judgment of the trial court with directions that judgment be entered in accord with this decision.
ANSTEAD, C.J., and LETTS and HERSEY, JJ., concur.