468 So.2d 985 (1985)
Gerald BOOHER, Petitioner,
v.
PEPPERIDGE FARM, INC., and Liberty Mutual Insurance Company, Respondents.
No. 65255.
Supreme Court of Florida.
May 2, 1985.
Ira J. Druckman, Miami, for petitioner.
Blackwell, Walker, Gray, Powers, Flick and Hoehl, and James C. Blecke, Miami, for respondents.
McDONALD, Justice.
We have for review Pepperidge Farm, Inc. v. Booher, 446 So.2d 1132 (Fla. 4th DCA 1984), in which the district court acknowledged apparent conflict with Thornton v. Paktank Florida, Inc., 409 So.2d 31 (Fla. 2d DCA 1981), review denied, 419 So.2d 1199 (Fla. 1982). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve Booher.
Dixie Driving Service provides truck drivers on a temporary basis to companies such as Pepperidge Farm. Dixie employed Booher, but he had been driving exclusively for Pepperidge Farm when he suffered a work-related injury at a Pepperidge Farm warehouse. After Dixie paid workers' compensation to Booher, he filed a negligence action against Pepperidge Farm. Pepperidge Farm's defense included its contention that Booher, as its special employee, was barred from recovering tort damages for a compensable on-the-job injury. At trial the jury awarded damages against Pepperidge Farm after finding that no special employment relationship existed between Booher and Pepperidge Farm. The district court reversed, finding that the trial court should have granted Pepperidge Farm's motion for directed verdict on this issue. The district court acknowledged its conflict with Thornton and agreed with Judge Grimes' dissent in that case.
The actual employment relationship rather than the subjective intent of the parties should control in any determination of whether a special employee may sue the special employer for work-related injuries. Booher's own trial testimony belies his contention that he never consented to an implied contract of hire with Pepperidge Farm. We agree with the district court that Pepperidge Farm was entitled to a directed verdict on this issue as a matter of law.
*986 Accordingly, we approve Booher and disapprove Thornton to the extent that it conflicts with this opinion.
It is so ordered.
BOYD, C.J., and OVERTON, ALDERMAN, EHRLICH and SHAW, JJ., concur.
ADKINS, J., dissents.