DANAHY, Chief Judge.
The plaintiffs in a personal injury suit appeal a summary final judgment in favor of the defendant based on the trial judge’s conclusion that the defendant was the general contractor for the project where the accident occurred and, therefore, was entitled to statutory immunity pursuant to the provisions of sections 440.10 and 440.11, Florida Statutes (1985). We believe that conclusion was incorrect and reverse.
The appellee (Premiere) was the sole fee owner of real property located in Pinellas County. Premiere developed this property by building condominiums for resale which were known as Los Prados. Premiere engaged Nichols Plumbing Company (Nichols) to perform plumbing work on the project. The appellant James E. McCormick was a Nichols employee. McCormick was injured while installing ceiling plumbing fixtures at the Los Prados Condominium project. McCormick collected workers’ compensation benefits from his employer, Nichols. He and his wife brought this suit against Premiere for negligence in failing to properly inspect or maintain its premises, or to warn of a dangerous condition.
Based on the record before us on this appeal, we believe this case falls squarely within the holding of the supreme court in Jones v. Florida Power Corp., 72 So.2d 285 (Fla.1954). There, as here, the owner of property (Florida Power) entered into contracts with two companies for construction work on the owner’s property. An employee of one of these contractors was injured on the job, and filed suit against Florida power. The trial court ruled that Florida Power enjoyed the statutory immunity provided by the statutes then called the “Workmen’s Compensation Act.” The supreme court reversed, holding that it is the liability to secure compensation which gives a party immunity from suit. The court then went on to find that Florida Power was not required by statute to secure workmen’s compensation covering the employee who had been injured because Florida Power, as the owner of the property, was neither a “common employer” nor a “contractor” for purposes of the Workmen’s Compensation Act. The court reversed the summary judgment in favor of Florida Power based upon its holding that Florida Power was not required under the Act to secure workmen’s compensation.
The trial judge in this case erred in ruling that as a matter of law Premiere enjoys statutory immunity from liability in this action. We reverse and remand for further proceedings.
SCHEB and SCHOONOVER, JJ., concur.