DANAHY, Judge.
In the appellant’s wrongful death action against the appellee for the death of her decedent while working on the construction of an apartment complex, the trial judge ruled that the appellee was immune from liability under the provisions of the Worker’s Compensation Act, specifically section *532 440.11, Florida Statutes (1985). That ruling was based on the trial judge’s conclusion that there was no genuine issue regarding the appellee’s status as general contractor for the construction project and that the appellee had subcontracted plumbing work at the site to the decedent’s employer. Since, under section 440.10(1), Florida Statutes (1985), a general contractor in that posture is required to secure the payment of compensation to all employees of the subcontractor, the liability to secure compensation is exclusive under section 440.11(1) and the general contractor is immune from liability to the subcontractor’s employees.
We disagree with the trial judge’s conclusion. After a review of the record in this cause, we are persuaded that there is a genuine issue of material fact as to the status of the appellee on the date of the accident; that is, we believe there is a question concerning the relationship of the appellee on that date to the developer and owner of the apartment complex. An owner who enters into contracts with companies for construction work on the owner’s property is not required to secure worker’s compensation because it does not have the status of a general contractor who sublets a part of his contract work to a subcontractor. Therefore, such an owner is not required to secure worker’s compensation and does not enjoy immunity from liability under section 440.11. Jones v. Florida Power Corp., 72 So.2d 285 (Fla.1954); McCormick v. Premiere Group, Inc., 523 So.2d 780 (Fla. 2d DCA 1988).
The appellee’s status on the date of the accident is, of course, a material fact. Since we believe that there is a genuine issue as to that fact, summary judgment is precluded. Holl v. Talcott, 191 So.2d 40 (Fla.1966).
Accordingly, we reverse and remand for further proceedings.
RYDER, A.C.J., and FRANK, J., concur.