RYDER, Judge.
Herbert M. Lively seeks review of the trial court’s order of final summary judgment in favor of CSX Transportation, Inc., in a negligence action. We reverse.
Lively had been employed by CSX for twenty-one years as a carman, whose job it was to inspect and repair defective railroad equipment. On the day he was injured, Lively was attempting to extract a piece of scrap rail which had fallen through one of the holes in the flooring of the railroad car used by CSX to transport the scrap rails. The fallen rail had become wedged in the trucks of the car.
The appeal herein is from a summary judgment. The test for summary judgment is whether there exists any genuine issue of material fact. Holl v. Talcott, 191 So.2d 40 (Fla.1966); Yukon v. Granada Construction of Florida, 538 So.2d 531 (Fla.2d DCA 1989). From the record before us, we find there is a genuine issue of material fact.
This case was filed under the Federal Employers’ Liability Act, 45 U.S.C. §§ 51-60 (1939). Under the facts of this case, the test of whether there is a jury question of employer’s negligence is stated by the United States Supreme Court in Rogers v. Missouri Pacific Railroad Co., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957), as follows:
Under this statute, the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes, including the employee’s contributory negligence. Judicial appraisal of the proofs to determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury or death. Judges are to fix their sights primarily to make that appraisal and, if that test is met, are bound to find that a case for the jury is made out whether or not the evidence allows the jury a choice of other probabilities.
Rogers, 352 U.S. at 506-507, 77 S.Ct. at 448-449. See also Adams v. Seaboard Coast Line Railroad Co., 296 So.2d 1 (Fla.1974); Martin v. Tindell, 98 So.2d 473 (Fla.1957). It cannot be said that CSX was able to show that its alleged negligent use *212 of the defective rail car did not play “even the slightest” part in producing Lively’s injury. Lively was sent to extract a rail which, in transit, had fallen through an existing hole in the floor of the railroad car.
This case can be distinguished from Emig v. Erie Lackawanna Railway Co., 350 F.Supp. 986 (W.D.Pa.1972), wherein the employee, Emig, was injured while attempting to fix a broken hinge he came upon during an inspection. In the case sub judice, the defective railroad car had been used repeatedly with obvious holes and missing planking in the flooring of the car. These defects allowed rail to fall through the car and lodge in the car’s trucks. Thus, as stated above, we cannot say that the alleged negligence of CSX did not contribute in any way to Lively’s injury.
Whether the plaintiff will be ultimately successful, he should have been accorded a hearing on the merits. We reverse and set aside the summary judgment entered herein and remand for further proceedings consistent herewith.
Reversed and remanded.
SCHEB, A.C.J., and LEHAN, J. concur.