605 So.2d 979 (1992)
Daniel Jack HOGAN, Appellant,
v.
DEERFIELD 21 CORPORATION, a Florida corporation d/b/a Howard Johnsons Ocean Resort Hotel and Conference Center, Appellee.
No. 91-1666.
District Court of Appeal of Florida, Fourth District.
October 7, 1992.
*980 William L. Petros of Anderson Moss Parks Meyers & Sherouse, P.A., Miami, for appellant.
Kelly A. Cambron of Sussman Byrd Hektner & Mayfield, Miami, for appellee.
ANSTEAD, Judge.
Daniel Jack Hogan challenges the entry of a summary judgment in favor of Deerfield 21 Corporation, a property owner whom Hogan sued in negligence for injuries he sustained while working on a remodeling project on the property. The trial court held that the property owner was Hogan's statutory employer and entitled to immunity from suit pursuant to section 440.11 of the Workers' Compensation Act. We reverse.

FACTS
Hogan was an employee of Miller Industries and was injured when he tripped and fell while on the property to help remodel the guest rooms of a Howard Johnsons hotel owned by Deerfield 21. The hotel was kept open for business during the remodeling. Deerfield 21 hired Visions Construction Corporation, a general contractor, to oversee the remodeling. Visions hired Miller Industries for the specific task of replacing existing patio doors. The accident occurred in a service entryway to the main lobby that was regularly used by hotel employees and service employees, and occasionally used by hotel guests. The service entryway was not included in the remodeling project. Pursuant to its remodeling contract with Deerfield 21, Visions maintained a workers' compensation insurance policy which covered the employees of subcontractors involved in the project, including Hogan.

LAW
The Florida Workers' Compensation Law, section 440.10 Florida Statutes (1991), states that every employer within the provisions of the law must provide workers' compensation benefits. Section 440.11 provides that the liability of an employer for workers' compensation is in lieu of any other liability to the employee and is therefore the employee's exclusive remedy. However, this statutory defense of exclusiveness of remedy is only available to those who qualify as either an "employer" or a "contractor" within the meaning of the workers' compensation law.
Sections 440.10 and 440.11 provide in part:
440.10 Liability for compensation.
(1)(a) Every employer coming within the provisions of this chapter, including any brought within the chapter by waiver of exclusion or of exemption, shall be liable for, and shall secure, the payment to his employees, or any physician, surgeon, or pharmacist providing services under the provisions of s. 440.13, of the compensation payable under ss. 440.13, 440.15, and 440.16. Every contractor or subcontractor, *981 if required by rules requiring coverage according to the provisions of this chapter adopted by the Department of Labor and Employment Security, must, as a condition to receiving a building permit, show proof that he has secured compensation for his employees under this chapter as provided in s. 440.38 or, if applicable, provide a written certificate of election issued under s. 440.05. Further, any contractor or subcontractor who engages in any public or private construction in the state shall secure and maintain compensation for his employees under this chapter as provided in s. 440.38.
(b) In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment; and the contractor shall be liable for, and shall secure, the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment.
440.11 Exclusiveness of liability.
(1) The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability of such employer to any third-party tortfeasor and to the employee, the legal representative thereof, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law... .
The Florida Supreme Court has long held that in ordinary circumstances an employee of a contractor hired to work on the owner's premises may sue the owner for negligence. Vanlandingham v. Florida Power & Light Co., 154 Fla. 628, 18 So.2d 678 (1944).
In Jones v. Florida Power Corp., 72 So.2d 285 (Fla. 1954), the court held that Florida Power Corporation was not entitled to immunity as an "employer" or "contractor" from suit by an employee of a contractor hired by the corporation to construct improvements at the corporation's plant. The court explained that it was only in a situation where the owner assumed the role of "contractor" and "employer", and the concomitant duty to provide workers' compensation benefits, that it would be entitled to immunity:
The question is whether the Workmen's Compensation Act imposed upon the Corporation the duty, as an `employer' and `contractor', to secure compensation for such employees. It is the liability to secure compensation which gives the employer immunity from suit as a third party tortfeasor. His immunity from suit is commensurate with his liability for securing compensation  no more and no less.
Id. at 287 (emphasis in original).
In State ex. rel. Auchter Co. v. Luckie, 145 So.2d 239, 242 (Fla. 1st DCA), cert. denied, 148 So.2d 278 (Fla. 1962), overruled on other grounds sub nom., Gator Freightways, Inc. v. Roberts, 550 So.2d 1117, 1119 (Fla. 1989), the court followed Jones and held:
[A]n employee of an independent contractor may maintain against an owner an action at law for damages suffered as a result of the latter's negligence.
(Footnote omitted).
In Conklin v. Cohen, 287 So.2d 56 (Fla. 1973), the court reaffirmed the Jones holding that an owner who had no liability under the law to secure compensation for a contractor's employee did not qualify as a "contractor" or "statutory employer."[1]
*982 This court has consistently recognized that it is the liability to secure compensation which gives a party immunity from suit as a third party tortfeasor under the workers' compensation law. See Sheedy v. Vista Properties, Inc., 410 So.2d 561 (Fla. 4th DCA), rev. denied, 419 So.2d 1201 (Fla. 1982), and Brown v. South Broward Hosp. Dist., 402 So.2d 58 (Fla. 4th DCA 1981).[2]
As it did in the trial court, Deerfield 21 relies on Croon v. Quayside Assoc., Ltd., 464 So.2d 178 (Fla. 3d DCA), rev. denied, 476 So.2d 673 (Fla. 1985). In Croon, an injured employee of a subcontractor who fell into a hole at a construction site brought an action against Quayside Associates, Ltd., who originally was the owner and developer, and subsequently assumed the duties of general contractor. Quayside had originally contracted with a general contractor who, in turn, had contracted with a subcontractor who employed the plaintiff, Croon. When the general contractor was discharged from the job, all of its contracts and subcontracts were assigned to Quayside who took over as general contractor. Id. at 179. Croon was injured after this assignment, and brought suit against Quayside.
On appeal, the third district found that Quayside enjoyed immunity from suit since it had assumed the general contractor's statutory liability for securing compensation coverage by virtue of the assignments. This is a clear example of how an owner can assume the status of statutory employer of another company's employee. However, the court went on to express the view that Quayside had been a statutory employer even before assuming the duties of general contractor:
If the original general contractor, Apgar & Markham, remained on the job through the date on which Croon was injured, January 23, 1981, the suit against Quayside Associates would have been precluded by the immunity doctrine of the Workers' Compensation Law. An owner hiring a general contractor is considered a statutory employer under the terms of the statute. Conklin v. Cohen, 287 So.2d 56 (Fla. 1973); Smith v. Ussery, 261 So.2d 164 (Fla. 1972); See, Jones v. Florida Power Corp., 72 So.2d 285 (Fla. 1954); Sheedy v. Vista Properties, Inc., 410 So.2d 561 (Fla. 4th DCA 1982), pet. rev. den., 419 So.2d 1201 (Fla. 1982).
Croon, 464 So.2d at 180 (emphasis supplied). We respectfully disagree with this latter conclusion because we find it inconsistent with the law discussed above.

THIS CASE
Obviously, Deerfield was not a "contractor" or "employer", and Hogan was not an "employee" of Deerfield, in the ordinary sense that these words are used. More importantly, because Deerfield 21 was not a contractor or the employer of Hogan, and did not otherwise have any statutory duty to provide workers' compensation coverage, Deerfield was not the statutory employer of Hogan, and does not enjoy the immunity provided by section 440.11 from Hogan's tort suit.
In the case at bar, the hotel was open to the public for business. The accident is claimed to have been caused by a defect in the flooring in a service entryway to the *983 main lobby. The lobby was not in a "construction" stage or condition. The record further reflects that the service entryway was regularly used by hotel employees and service employees, and was occasionally used by hotel guests. Deerfield 21 owed its patrons, as well as others like Hogan, who were legitimately on the premises, an independent duty of care to maintain the premises in a reasonably safe condition.
For the foregoing reasons, we conclude that the trial court erred in entering summary judgment in favor of Deerfield 21, and we reverse and remand for further proceedings in accord herewith.
OWEN, WILLIAM C., Jr., Senior Judge, concurs.
HERSEY, J., dissents without opinion.
NOTES
[1] In discussing the general law of premises liability, the Conklin court also stated:

[T]he owner may be held liable if he has been actively participating in the construction to the extent that he directly influences the manner in which the work is performed. Conversely, if the owner is a passive non-participant, exercising no direct control over the project, he cannot be held liable. To impose liability upon an owner who is not an employer as defined by the statute, one or more specific identifiable acts of negligence, i.e., acts either negligently creating or negligently approving the dangerous condition resulting in the injury or death to the employee, must be established.
Conklin, 287 So.2d at 60. We construe this statement to stand for the unremarkable proposition that if it can be established that the owner actively participated in the negligent activity that caused the injury, the owner may be held accountable, whereas an owner's passive role and non-participation in the neglect will ordinarily protect it from liability if an injury should occur to another company's worker during construction. See also Garcia v. Biltmore Court Villas, Inc., 534 So.2d 1173 (Fla. 3d DCA 1988), rev. denied, 545 So.2d 1367 (Fla. 1989); Van Ness v. Independent Const. Co., 392 So.2d 1017 (Fla. 5th DCA), rev. denied, 402 So.2d 614 (Fla. 1981) and City of Mount Dora v. Vorhees, 115 So.2d 586 (Fla. 2d DCA 1959), cert. denied, 119 So.2d 293 (Fla. 1960).
[2] It has also been held that, while it is commendable for an owner to require a general contractor to carry worker's compensation coverage for their employees, that fact is irrelevant to the determination of the owner's status as a statutory employer. Jones v. Florida Power Corp., 72 So.2d 285, 287 (Fla. 1954); Whitney v. United States, 451 F. Supp. 669 (N.D.Fla. 1978); Richardson v. United States, 577 F.2d 133 (10th Cir.1978).