644 So.2d 162 (1994)
Robert SAGARINO, Appellant,
v.
MARRIOTT CORPORATION d/b/a Marriott's Harbor Beach Resort, Appellee.
No. 93-1174.
District Court of Appeal of Florida, Fourth District.
October 26, 1994.
*163 Paul Morris of Law Offices of Paul Morris, P.A., Coral Gables, and Hugh Bernstein, P.A., Miami, for appellant.
Paul D. Breitner of Shapiro, Leder, Breitner & Taplin, Miami, for appellee.
ALVAREZ, RONALD V., Associate Judge.
This is an appeal from a final order granting a motion for summary judgment. We reverse because there exist material issues of fact as to whether appellant, Robert Sagarino (Sagarino) was an employee or "borrowed employee" of appellee, Marriott Corporation (Marriott). These disputed issues must be resolved by a jury.
In this premises liability case, Sagarino alleged that he suffered personal injuries as a result of Marriott's negligence. Sagarino also alleged that at the time of the incident that caused his injuries he was employed by Fort Lauderdale Transportation (FLT). In response, Marriott answered that Sagarino was either an employee of Marriott, a statutory employee, or its "borrowed employee." Marriott alleged that consistent with the existence of any of these relationships, it is immune from a civil suit based upon the immunity afforded by sections 440.10 and 440.11, Florida Statutes (1993).

FACTS
In 1987, Marriott entered into a contract with FLT under which FLT agreed to provide valet parking services for Marriott's hotel in Fort Lauderdale. Sometime later, FLT hired Sagarino as a valet parking attendant. One day while running through Marriott's parking garage to either retrieve or park a car, Sagarino slipped and injured himself. Sagarino filed for and collected worker's compensation benefits from FLT.
Thereafter, Sagarino sued Marriott for its alleged negligence in causing his injuries. Marriott answered and moved for summary judgment claiming Sagarino was either an employee, a statutory employee, or "borrowed employee" of Marriott, and therefore Marriott was immune from suit under Florida's worker's compensation law.
To support its motion, Marriott filed the affidavit of the president of FLT. He stated that, although the parking attendants were hired and paid by FLT, they were always *164 considered to be performing the services of Marriott's regular business, and were required to follow commands of any Marriott department head. Additionally, FLT's president stated that: (1) pursuant to the contract between Marriott and FLT, Marriott reserved the right to require FLT to discharge an FLT employee working on Marriott's premises; and (2) Marriott reimbursed FLT for the attendant's uniforms and identification badges.
In opposition, Sagarino filed his affidavit and the contract between Marriott and FLT in order to demonstrate there existed a genuine issue of material fact concerning whether Sagarino was an employee, a statutory employee, or "borrowed employee" of Marriott. Sagarino stated in his affidavit that:
(1) he applied for employment with FLT;
(2) he was interviewed and hired exclusively by FLT;
(3) he took orders exclusively from FLT employees;
(4) he was advised that all hiring and firing was done by FLT;
(5) all day-to-day duties were performed under FLT's supervision; and
(6) he was not aware of "any arrangement" between FLT and Marriott because all daily duties were controlled by FLT;
Additionally, he further pointed out in his memorandum of law that:
(1) Section 2.5 of the contract that existed between Marriott and FLT provided all personnel hired by FLT were solely employees of FLT;
(2) Section 2.6 of the same contract required FLT to pay all employees' taxes, licenses, and permits; and
(3) the contract required FLT to maintain workers' compensation on all of its employees.

LAW
The question of whether there exists an employer/employee relationship is normally reserved for the jury to determine. Rogers v. Barrett, 46 So.2d 490 (Fla. 1950). This is especially true where there exist disputed issues of fact. DeBolt v. Department of Health and Rehabilitative Servs., 427 So.2d 221 (Fla. 1st DCA 1983). The determinative issue is normally the right to control the alleged employee. Kane Furniture Corp. v. Miranda, 506 So.2d 1061, 1064 (Fla. 2d DCA 1987). The clash of facts as evidenced by the opposing affidavits filed in this case require that a jury determine whether there existed an employer/employee relationship between the parties, e.g. Sagarino's evidence that section 2.5 of the contract between Marriott and FLT provided that all personnel hired by FLT were solely employees of FLT versus Marriott's evidence that "although the parking attendants were hired and paid by FLT, they were always considered to be performing the services of Marriott's regular business, and were required to follow commands of any Marriott department head." In regard to Marriott's argument that it was entitled to immunity from suit because Marriott is the statutory employer of Sagarino, Judge Anstead's opinion in Hogan v. Deerfield 21 Corp., 605 So.2d 979 (Fla. 4th DCA 1992), is controlling and dispositive of this issue. In holding that a property owner was not the statutory employer of an employee of a subcontractor, the Hogan court stated:
The Florida Supreme Court has long held that in ordinary circumstances an employee of a contractor hired to work on the owner's premises may sue the owner for negligence. Vanlandingham v. Florida Power & Light Co., 154 Fla. 628, 18 So.2d 678 (1944).
In Jones v. Florida Power Corp., 72 So.2d 285 (Fla. 1954), the court held that Florida Power Corporation was not entitled to immunity as an "employer" or "contractor" from suit by an employee of a contractor hired by the corporation to construct improvements at the corporation's plant. The court explained that it was only in a situation where the owner assumed the role of "contractor" and "employer", and the concomitant duty to provide workers' compensation benefits, that it would be entitled to immunity:
The question is whether the Workmen's Compensation Act imposed upon the Corporation the duty, as an `employer' *165 and `contractor', to secure compensation to such employees. It is the liability to secure compensation which gives the employer immunity from suit as a third party tortfeasor. His immunity from suit is commensurate with his liability for securing compensation  no more and no less.
Id. at 981. (emphasis in original) In the instant case, Marriott had no duty to secure worker's compensation benefits for Sagarino. Indeed, pursuant to the parties' contract, FLT, not Marriott, provided Sagarino with these benefits. Therefore, under Hogan and Jones, Marriott's contention that it is immune from Sagarino's negligence suit as a statutory employer is without merit.
Lastly, Marriott alleges that Sagarino was a "borrowed employee" pursuant to section 440.11(2), Fla. Stat. (1993). That section provides:
The immunity from liability described in subsection (1) shall extend to an employer and to each employee of the employer which utilizes the services of the employees of a help supply services company, as set forth in Standard Industry Code Industry Number 7363, when such employees, whether management or staff, are acting in furtherance of the employer's business. An employee so engaged by the employer shall be considered a borrowed employee of the employer, and, for the purposes of this section, shall be treated as any other employee of the employer. The employer shall be liable for and shall secure the payment of compensation to all such borrowed employees as required in s. 440.10, except when such payment has been secured by the help supply services company.
Standard Industry Code Industry Number 7363 defines "help supply services company" as:
Establishments primarily engaged in supplying temporary or continuing help on a contract or fee basis. The help supplied is always on the payroll of the supplying establishments, but is under the direct or general supervision of the business to whom the help is furnished.
While it would seem that the above definition should be limited to situations involving day labor pools, etc., we decline to make this determination as a matter of law. However, there is a presumption that the employee is not a borrowed servant, but instead continues to work for and be an employee of the general employer. Shelby Mut. Ins. Co. v. Aetna Ins. Co., 246 So.2d 98 (Fla. 1971). In order to overcome the presumption that the employee remains the employee of the general employer, several elements must be shown:
(1) There was a contract for hire, either express or implied, between the special employer (Marriott) and the employee (Sagarino);
(2) The work being done at the time of the injury was essentially that of the special employer; and
(3) The power to control the details of the work resided with the special employer.
Id. at 101, n. 5. Marriott asserts the first element is satisfied here because there was an express contract for hire between it and FLT. Significantly, however, Shelby interpreted this element to require not only the contract's existence, but also a showing by the alleged special employer "of a deliberate and informed consent by the employee" before the new employment will be held to be a bar to an action for common law negligence. Id. This court has held that a "definite arrangement between the general and special employer and the employee's knowledge thereof" must be shown. Pepperidge Farm, Inc. v. Booher, 446 So.2d 1132, 1132 (Fla. 4th DCA 1984) (emphasis added), approved, 468 So.2d 985 (Fla. 1985). Marriott has failed to make this showing. It is noteworthy that Sagarino filed an affidavit in opposition to the motion for summary judgment that asserts facts that would, when viewed in the light most favorable to him, be sufficient to create a factual issue on the question of whether he was Marriott's borrowed employee. Compare Smith v. Greg's Crane Serv., Inc., 576 So.2d 814 (Fla. 4th DCA 1991) (summary judgment improper where competing inferences existed on whether appellant was appellee's borrowed servant).
*166 For the foregoing reasons, we conclude the trial court erred in entering summary judgment in favor of Marriott. Accordingly, we reverse and remand for further proceedings in accord with this opinion.
GLICKSTEIN and WARNER, JJ., concur.