611 So.2d 1303 (1992)
Helen WOODS and James Woods, Appellants,
v.
CARPET RESTORATIONS, INC., a Florida corporation, and Newport at Lauderhill Association, Inc., a Florida corporation, Appellees.
No. 91-3403.
District Court of Appeal of Florida, Fourth District.
December 30, 1992.
Wayne S. Koppel of Grevior & Jordan, Fort Lauderdale, for appellants.
George W. Chesrow of Law Offices of Ruiz & Chesrow, Coral Gables, and Miller, Selig, Kelley & Assoc., Miami, for appellee Newport at Lauderhill Ass'n, Inc.
OWEN, WILLIAM C., Jr., Senior Judge.
We hold in this case that a condominium association which, in performing its statutory duty to manage and maintain the condominium property, enters into a contract with a professional company to perform certain of those duties, is not a statutory employer under section 440.10(1)(b), Florida Statutes (1991), such as to confer upon the condominium association immunity from suit by an injured employee of the contractor. *1304 We therefore reverse the summary judgment in favor of appellee-condominium association which so held.
The appellee-condominium association contracted with Sunvest Management Company to manage the condominium property. Appellant, Helen Woods, an employee of Sunvest assigned to work at the condominium, was injured while using a vacuum cleaner owned by the association. She and her husband brought this action against the association (and others). The trial court held the association was Mrs. Wood's statutory employer and therefore immune from civil liability by virtue of section 440.11 Florida Statutes.
The concept of statutory employer, for worker's compensation purposes, is that a contractor who sublets all or any part of its contract work is the employer not only of its own employees but also of the employees of any subcontractor to whom all or any part of the principal contract has been sublet. § 440.10(1), Fla. Stat. (1991). It is absolutely basic, therefore, that one cannot be a "contractor" (and thus a statutory employer) within the meaning of this statute unless the "contractor" has a contractual obligation, a portion of which is sublet to another. Jones v. Florida Power Corp., 72 So.2d 285 (Fla. 1954).
The obligation of appellee-condominium association to manage and maintain the condominium property does not arise out of a contract. Its duty is purely statutory, not contractual. While the trial court recognized that distinction in its well prepared order, it concluded that the case of Gator Freightways, Inc. v. Roberts, 550 So.2d 1117 (Fla. 1989), approving Roberts v. Gator Freightways, Inc., 538 So.2d 55 (Fla. 1st DCA 1989) eliminated the requirement that the primary obligation of the "contractor" arise out of contract. We think that is not a proper construction of the holding in Gator Freightways, Inc. Rather, we think that case reemphasized the need for there to be an obligation to perform a contract. The holding in that case simply made clear that an entity which has a contract to perform, all or part of which is sublet to another, is not exempt from being a statutory employer under section 440.10 Florida Statutes merely because the service which it had contracted to furnish is regulated to some extent by statute. Here, unlike the factual situation in the cited case, there is no contract between the condominium owners and the condominium association which places on the association contractual obligations, the performance of which is regulated by statute. Instead, we have a statutory entity (the condominium association) created purely and simply to do for the owners what the owners may not do for themselves. The association fulfills its purpose, not because it has contracted to do so, but because by statute it is obligated to do so.
Appellee argues that Gator Freightways, Inc. v. Roberts, recognizes that the legislative purpose of section 440.10 is "to insure that a particular industry will be financially responsible for injuries to those employees working in it ..." and as thus applied to the instant case, condominium associations should be viewed as a part of the "property management industry" and consequently obligated to secure workers compensation not only to its own employees, but to the employees of every professional service group with which such association may contract to perform part of its duties. Without discussing all of the reasons why we find this argument untenable, we reject it first and foremost because we do not perceive statutorily created condominium associations as being a part of the "property management industry", however that term might be otherwise defined. It boggles the mind to think of the ramifications of a condominium association becoming the statutory employer of every employee of the various organizations with which it might contract under section 718.3025, Florida Statutes (1991) for operation, maintenance or management of the condominium.
The summary judgment for appellee-condominium association finding it to be the *1305 statutory employer of appellant and thus immune under section 440.11 from civil action, is reversed and this cause remanded for further proceedings consistent hereof.
Reversed and remanded.
GLICKSTEIN, C.J., and DELL, J., concur.