PER CURIAM.
Univision Holdings, Inc. (Univision), Crown Center Redevelopment Corporation (Crown), and Hallmark Cards, Inc. (Hallmark) appeal from an order denying their motion for final summary judgment based on workers’ compensation immunity. We have jurisdiction pursuant to Rule 9.130(a)(3)(C)(vi), Florida Rules of Appellate Procedure. For the following reasons, we reverse.
Univision owns television studios in Miami. It executed a general contract with The Austin Company (Austin) to remodel an existing structure and construct new television studios. Univision, having Httle experience in the construction field, employed Crown to serve as a consultant on the job site as the “owner’s representative.” During the construction phase of the new studios, Zion Steel Erectors (Zion) was called on to erect the structural steel as a subcontractor for Austin. Joseph Ramos, an employee of Zion, was injured while working for Zion at the job site. Ramos sued Univision, Crown, and Hallmark (the parent corporation of both Univision and Crown), alleging negfigence in fading to provide a safe workplace. The three defendants raised the affirmative defense of immunity from tort liability pursuant to section 440.11, Florida Statutes (1989), and moved for final summary judgment based on workers’ compensation immunity. The trial court denied the motion.
The trial court erred in finding that defendants are not entitled to workers’ compensation immunity, as a property owner who hires a general contractor is considered a statutory employer and is generally entitled to workers’ compensation immunity pursuant to section 440.11. See Croon v. Quayside Assocs., Ltd., 464 So.2d 178,180 (Fla. 3d DCA), rev. denied, 476 So.2d 673 (Fla.1985). There are two exceptions to this general rule. First, “an owner may be held liable if he interferes or meddles with the job to the *132 extent of assuming the detailed direction of it, and thus becomes the master of the independent contractor’s employee.” City of Miami v. Perez, 509 So.2d 343, 345 (Fla. 3d DCA) (citing Conklin v. Cohen, 287 So.2d 56 (Fla.1973)), rev. denied, 519 So.2d 987 (Fla. 1987). “Second, if the owner has been a passive nonparticipant, in order to impose liability one or more specific identifiable acts, i.e., acts either negligently creating or negligently approving the dangerous condition resulting in the injury or death to the contractor’s employee, must be established.” City of Miami, 509 So.2d at 346; Conklin, 287 So.2d at 60. As Ramos has not established either of these two exceptions, Univision is immune from suit as a matter of law.
Furthermore, the presence of Crown as an on-site inspector hired by Univision to observe the progress of the work and enforce contractual provisions concerning workplace safety does not render either Crown or Uni-vision subject to suit. See Skow v. Department of Transp., 468 So.2d 422 (Fla. 1st DCA 1985); City of Miami, 509 So.2d at 347.[1]
The trial court erred in denying defendant’s motion for final summary judgment. We reverse the order and remand this case with directions to enter final summary judgment for defendants.
Reversed and remanded with directions.

. As Hallmark could only be vicariously liable, it too was entitled to final summary judgment.