655 So.2d 89 (1995)
Joseph E. RAMOS, Laura Ramos, His Wife, and Katrina Ramos, a Minor, by and through Joseph E. Ramos, Her Parent and Next Friend, Petitioners,
v.
UNIVISION HOLDINGS, INC., Crown Center Redevelopment Corporation, and Hallmark Cards, Incorporated, Respondents.
No. 83897.
Supreme Court of Florida.
May 11, 1995.
*90 Arnold R. Ginsberg of Perse, P.A. & Ginsberg, P.A., and Philip S. Vova of Goldberg and Vova, P.A., Miami, for petitioners.
James K. Clark and Frances Fernandez Guasch of Clark, Sparkman, Robb & Nelson, Miami, for respondents.
WELLS, Justice.
We have for review Univision Holdings, Inc. v. Ramos, 638 So.2d 130 (Fla.3d DCA 1994), which expressly and directly conflicts with the opinions in Jones v. Florida Power Corp., 72 So.2d 285 (Fla. 1954), Conklin v. Cohen, 287 So.2d 56 (Fla. 1973), and Hogan v. Deerfield 21 Corp., 605 So.2d 979 (Fla. 4th DCA 1992). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We confirm that an owner must be a contractor or statutory employer within the meaning of the Workers' Compensation Act and thus liable for securing workers' compensation benefits in order to be entitled to workers' compensation immunity pursuant to section 440.11, Florida Statutes (1989). See Conklin, 287 So.2d at 59; Jones v. Florida Power Corp., 72 So.2d at 287. We therefore quash that part of Univision Holdings finding that Univision, as a property owner who hired a general contractor, is entitled to workers' compensation immunity.
The facts giving rise to this case are as follows. Univision Holdings, Inc., a subsidiary of Hallmark Cards, Inc., entered a contract with The Austin Company (Austin) to remodel one structure and construct another on land owned by Univision. Univision then employed Crown Center Redevelopment Corporation (Crown), a consulting and engineering firm as well as a subsidiary of Hallmark, to serve as its consultant on the construction site.
During the construction process, Austin hired Zion Steel Erectors (Zion) as a subcontractor. Ramos, an employee of Zion, sustained an injury while working at the job site and, consequently, sued Hallmark, Univision, and Crown for negligence in failing to provide a safe workplace. The three defendants raised the affirmative defense of workers' compensation immunity and moved for summary judgment on that basis.
The trial court denied the motion, but the district court reversed, reasoning that as a property owner who hired a general contractor, Univision constituted a statutory employer entitled to workers' compensation immunity. In reaching this conclusion, the court relied on Croon v. Quayside Associates, Ltd., 464 So.2d 178 (Fla.3d DCA), review denied, 476 So.2d 673 (Fla. 1985). In Croon, a subcontractor's employee sued an owner who had discharged its general contractor midway through the construction process and assumed the contractor's duties and contractual obligations. The district court held that the owner was entitled to immunity because it took on the role of contractor and the duty to secure workers' compensation benefits when it stepped into the shoes of its general contractor.
While the ultimate decision in Croon was correct on the distinctive facts presented in that case, the Croon court erroneously stated that an owner hiring a general contractor is a statutory employer entitled to workers' compensation immunity. Id. at 180. This conclusion conflicts with well-established law in this area. In Jones v. Florida Power Corp., this Court held that only where an owner assumes the role of contractor and employer and, consequently, the duty to provide workers' compensation benefits is the owner entitled to workers' compensation immunity. 72 So.2d at 287; see also Conklin, 287 So.2d at 59. The Fourth District in Hogan recognized this inconsistency and noted its disagreement with the Croon decision. Univision recognizes that the holding in Jones is controlling in this case and, with the candor this Court expects and appreciates in appellate advocacy, concedes that the district court's application of workers' compensation immunity to Univision was erroneous. Accordingly, *91 we quash Univision Holdings and disapprove Croon without further discussion to the extent that those decisions are inconsistent with Jones and its progeny.
Although Univision now concedes that Ramos is not barred by workers' compensation immunity from maintaining a negligence action against the respondents, the company asks us to consider whether respondents are entitled to summary judgment pursuant to general principles of negligence law. Specifically, Univision contends that although the district court misconstrued workers' compensation law, the court's decision was ultimately correct because neither Univision nor Crown on behalf of Univision acted in a manner that would require a property owner to be held liable for injuries sustained by a contractor's employee. See Conklin, 287 So.2d at 60.
While the district court in Univision Holdings addressed and found inapplicable the two instances in which Univision contends an owner may be held liable to a contractor's employee, that issue did not present the basis for the district court's jurisdiction of this interlocutory appeal. A district court is generally without jurisdiction to review a nonfinal order denying a motion for summary judgment. In Mandico v. Taos Construction, Inc., 605 So.2d 850 (Fla. 1992), we provided a limited exception to that rule by amending Florida Rule of Appellate Procedure 9.130.[1] The rule was intended to promote early resolution of cases in which it is evident that the plaintiff's exclusive remedy is workers' compensation. We decline to extend the limits of that rule to permit consideration of the merits of Univision's motion for summary judgment on grounds other than workers' compensation immunity. Nor should district courts permit rule 9.130(a)(3)(c)(vi) to be used as a conduit through which to seek interlocutory appeals of denials of motions for summary judgment on grounds other than workers' compensation immunity.[2]
Accordingly, we quash the district court's decision and remand to the trial court for further proceedings.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING and ANSTEAD, JJ., concur.
NOTES
[1] Florida Rule of Appellate Procedure 9.130(a)(3)(C)(vi) provides that review of nonfinal orders of lower tribunals is limited to those that determine "that a party is not entitled to workers' compensation immunity as a matter of law."
[2] Our decision does not preclude review of legitimate exceptions to workers' compensation immunity. See Holmes County School Board v. Duffell, 651 So.2d 1176 (Fla. 1995); Kennedy v. Moree, 650 So.2d 1102 (Fla. 4th DCA 1995); General Motors Acceptance Corp. v. David, 632 So.2d 123 (Fla. 1st DCA), review dismissed, 639 So.2d 976 (Fla. 1994).