667 So.2d 338 (1995)
PROCTOR & GAMBLE CELLULOSE COMPANY, a Delaware corporation, doing business in the State of Florida, Appellant,
v.
Larry K. MANN, Sr., Appellee.
No. 94-3319.
District Court of Appeal of Florida, First District.
October 24, 1995.
*339 Gordon D. Cherr of McConnaughhay, Roland, Maida & Cherr, P.A., Tallahassee, for Appellant.
Marie A. Mattox, P.A., Tallahassee, for Appellee.
VAN NORTWICK, Judge.
Proctor & Gamble Cellulose Company (P & G) appeals the trial court's order denying P & G's motion for summary judgment[1] by which P & G sought immunity under the workers' compensation law from the instant lawsuit by appellee, Larry K. Mann, Sr., arising out of Mann's injury incurred while working at P & G's industrial plant. Characterizing the issues raised here as matters of first impression in Florida, P & G asks this court to answer the question whether an otherwise unimmune owner can obtain the immunity protection of section 440.11, Florida Statutes (1991)[2] from civil suit brought by the employee of an independent contractor in circumstances where (i) the owner contractually requires the contractor/employer of the injured employee to maintain workers' compensation insurance; (ii) the owner reimbursed the premium cost of the workers' compensation coverage to the contractor/employer; and (iii) the injured employee receives workers' compensation coverage. We answer the question in the negative and affirm the appealed order.
In 1979, P & G's predecessor, the Buckeye Cellulose Corp., and E.M. Watkins & Co. (Watkins) entered into a construction, equipment and management agreement pursuant to which Watkins provided services and personnel at P & G's plant in Taylor County, Florida. Under the agreement, Watkins was required to provide workers' compensation insurance to its employees. P & G had the authority to approve the selection of the *340 workers' compensation carrier, and P & G reimbursed the cost of the workers' compensation insurance premiums to Watkins as a separate and identifiable item under the agreement. This agreement was in effect on February 19, 1992, when Mann, an employee of Watkins who was working as an insulator in the power plant at P & G's facility, was injured when he fell through the allegedly dilapidated and decayed flooring of the power plant. After his accident, Mann sought and obtained workers' compensation benefits. Thereafter, he filed suit against P & G for negligently and improperly maintaining its premises. P & G filed a motion for summary judgment relying upon the affidavit of its senior legal counsel, David L. Grayson, in which Grayson noted the above provisions of the agreement. P & G contended it was entitled to workers' compensation immunity from civil suit as a matter of law under section 440.11, Florida Statutes (1991), since it had provided workers' compensation benefits by paying the insurance premiums pursuant to the agreement.
In his order denying the motion for summary judgment, the trial judge noted that under section 440.10, Florida Statutes (1991), every "employer," as defined by the workers' compensation law, is required to provide workers' compensation benefits and that under section 440.11 an "employer" is immune from liability for on-the-job injuries of an employee so long as the requisite workers' compensation insurance coverage is secured. The trial judge concluded that to acquire immunity under Chapter 440, Florida Statutes, P & G must be either an "employer" or a "contractor," as those terms are defined in the workers' compensation law. The trial court found that Watkins, not P & G, was Mann's employer, and that P & G was not a "contractor" as that term is used under sections 440.10 and 440.11, Florida Statutes. Citing the decision in Jones v. Florida Power Corp., 72 So.2d 285, 287 (Fla. 1954), for the rule that it is the liability to secure workers' compensation benefits which gives rise to an employer's immunity from suit as a third party tortfeasor, the trial court ruled that, because P & G had no liability under the law to secure workers' compensation benefits for Mann, P & G did not qualify for immunity from Mann's suit under Chapter 440. We agree.
Subsequent to the trial court's order below, the Florida Supreme Court has reaffirmed the rule of Jones that "only where an owner assumes the role of contractor and employer and, consequently, the duty to provide workers' compensation benefits, is the owner entitled to workers' compensation immunity" under section 440.11. Ramos v. Univision Holdings, Inc., 655 So.2d 89, 90 (Fla. 1995). In Ramos, the supreme court expressly rejected the reasoning of the district court "that as a property owner who hired a general contractor, Univision constituted a statutory employer entitled to workers' compensation immunity." Id.
In supporting its claim for immunity from suit, P & G argues that the "liability to secure compensation" which gives rise to the immunity to suit under Jones is not limited to a statutorily imposed liability. Relying upon the supreme court's decision in Mandico v. Taos Const., Inc., 605 So.2d 850 (Fla. 1992), P & G contends that under Mandico an otherwise unimmune "entity" brings itself within the safeguards of section 440.11 when it procures workers' compensation coverage for the benefit of another, if the covered party actually claims that coverage.
We are unable to accept P & G's expansive reading of Mandico. The Mandico court interpreted section 440.04, Florida Statutes (1983), as granting an employer, which has in its "employ" an individual who is not included within the definition of "employee" under section 440.02(13) by virtue of being an independent contractor, the ability to obtain section 440.11 immunity by procuring workers' compensation benefits for such individual. Mandico, 605 So.2d at 852. The clear language of the Mandico opinion does not extend to every unimmune "entity," but is confined to an "employer" which obtains workers' compensation benefits for an individual who is excluded from the definition of "employee" by law. The Mandico court stated:
As we have recognized, the purpose and effect of section 440.04 is to "empower" an employer having in its employ one who is *341 excluded or exempted from the operation of the Law to voluntarily assume the obligations and privileges of the Workers' Compensation Law in relation to that individual and thereby insulate itself from common law liability pursuant to section 440.11.
Mandico, 605 So.2d at 852. (Emphasis ours).
The brief record before us is not susceptible of the interpretation that P & G is an employer which has Mann in its employ or that Mann is P & G's "employee not included in the definition of `employee'" under section 440.04(1), Florida Statutes (1991). Further, in the instant case P & G does not have the direct contractual relationship with Mann that was present between Mandico and Taos Construction. Mandico, 605 So.2d at 851. Here, P & G has a contractual relationship not with Mann, but with Watkins, Mann's employer. Therefore, the provisions of section 440.04 as interpreted by Mandico have no applicability here.
P & G also argues that it is immune from Mann's suit as the statutory employer of Mann under section 440.10. However, an owner, such as P & G, is not a statutory employer. Ramos, 655 So.2d at 90. An entity does not become a "statutory employer" unless it is a contractor and subcontracts a part or parts of its contract work to a subcontractor. Antinarelli v. Ocean Suite Hotel, 642 So.2d 661, 662 (Fla. 1st DCA 1994). To be deemed a "contractor," an entity's primary obligation in performing a job or providing a service must arise out of a contract. Id. at 663. Further, to establish a statutory employment relationship, the entity claimed to be a contractor must have incurred a contractual obligation to a third party and must have delegated or sublet a part of its contractual obligation to a subcontractor whose employee is injured. Id. at 662. Simply because an owner or hiring party has the right to engage a general contractor, specify the work to be performed, and inspect the work to assure its satisfactory completion, that owner or hiring party is not elevated to the status of a "general contractor." City of Orlando v. Brown, 626 So.2d 1102, 1104 (Fla. 1st DCA 1993). In the instant case, the record is not susceptible of the interpretation that P & G is a "contractor" or "general contractor," such that it could be considered the statutory employer of Mann under section 440.10.
Because we hold that P & G is not immune under section 440.11 since it is not an "employer" or "general contractor," Mandico, 605 So.2d at 852; Jones, 72 So.2d at 287; Ramos, 655 So.2d at 90, we find it unnecessary to reach the further issues of whether the contractual arrangement between P & G and Watkins constitutes "procurement" of insurance by P & G sufficient to invoke section 440.04, Florida Statutes, or whether Mann's acceptance of workers' compensation benefits constituted an election of remedies. See e.g., Lowry v. Logan, 650 So.2d 653 (Fla. 1st DCA 1995).
AFFIRMED.
WOLF and WEBSTER, JJ., concur.
NOTES
[1] This is an appealable non-final order under Rule 9.130(a)(3)(vi), Fla.R.App.P., and Mandico v. Taos Const., Inc., 605 So.2d 850 (Fla. 1992).
[2] Section 440.11, Florida Statutes, provides in pertinent part:

(1) The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability of such employer to any thirdparty tortfeasor and to the employee, the legal representative thereof, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if any employer fails to secure payment of compensation as required by this chapter, an injured employee, or the legal representative thereof in case death results from the injury, may elect to claim compensation under this chapter or to maintain an action at law or in admiralty for damages on account of such injury or death... .