PARIENTE, Judge.
Appellant (plaintiff), who was injured on appellee’s (defendant) premises while working as a security guard, appeals a summary judgment in favor of defendant. We reverse because defendant is not, as a matter of law, a contractor or statutory employer obligated to provide workers’ compensation benefits to plaintiff and, thus, is not entitled to workers’ compensation immunity.
While performing his duties as a security guard, plaintiff, an employee of Argenbright and Associates (Argenbright), slipped and fell on the premises of Huntington Square, an office complex owned and operated by defendant. Defendant, as landlord, leased offices in this complex to various tenants. There was no provision in the leases between defendant and its tenants regarding security services.
Defendant concedes that even though security services were provided to its tenants through Argenbright, it was under no eon- *1007 traetual obligation to do so for its tenants or any other entity. In fact, there was no contract between Argenbright and the defendant for the provision of security services.[1]
Plaintiff filed suit to recover for his injuries, claiming that defendant was negligent in its maintenance of the property. Defendant moved for summary judgment asserting that it was the statutory employer of plaintiff entitled to workers’ compensation immunity.
Because defendant was not plaintiffs direct employer, defendant could only be immune from plaintiffs negligence lawsuit based on workers’ compensation immunity if defendant could be considered a contractor within the meaning of subsection 440.10(l)(b), Florida Statutes (1995). This portion of the workers’ compensation law provides in relevant part that
[i]n case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor ... engaged on such contract work shall be deemed to be employed in one and the same business or establishment, and the contractor shall be liable for, and shall secure, the payment of compensation to all such employees, except to the employees of a subcontractor who has secured such payment.
§ 440.10(l)(b) (emphasis supplied). Thus, the determination of the issue here involves a question of statutory interpretation.
In Jones v. Florida Power Corp., 72 So.2d 285 (Fla.1954), our supreme court defined a contractor, within the meaning of section 440.10, as one who has a “primary obligation under a contract, which it passes on to another” to perform. Id. at 289. A contractor who sublets all or any part of its contract work is not only the employer of its own employees, but is also considered the statutory employer of the employees of the subcontractor, to whom any part of the principal contract has been sublet. See Woods v. Carpet Restorations, Inc., 611 So.2d 1303, 1304 (Fla. 4th DCA 1992). In Woods, we reasoned that it is “absolutely basic, therefore, that one cannot be a ‘contractor’ (and thus a statutory employer) within the meaning of this statute unless the ‘contractor’ has a contractual obligation, a portion of which is sublet to another.” Id.
In Ramos v. Univision Holdings, Inc., 655 So.2d 89 (Fla.1995), our supreme court reaffirmed its holding in Jones, that to be entitled to workers’ compensation immunity, an owner must also be a contractor or statutory employer liable for securing workers’ compensation benefits. “[0]nly where an owner assumes the role of contractor and employer and, consequently, the duty to provide workers’ compensation benefits is the owner entitled to workers’ compensation immunity.” Ramos, 655 So.2d at 90.
It is the liability to secure coverage for employees, in the event the subcontractor does not do so, that immunizes a contractor from suit by such employees. Jones, 72 So.2d at 287. In other words, the statutory grant of immunity is co-extensive with the statutory obligation to provide workers’ compensation benefits.
As set forth in Gator Freightways, Inc. v. Roberts, 550 So.2d 1117, 1119 (Fla.1989), “for a company to be a contractor under this section, its primary obligation in performing a job or providing a service must arise out of a contract.” In Miami Herald Publishing v. Hatch, 617 So.2d 380, 381 (Fla. 1st DCA 1993), the first district further clarified the inquiry to be a “determination as to whether the entity has incurred a contractual obligation to a third party, a part of which obligation the entity has delegated or sublet to a subcontractor whose employee is injured.” The “primary obligation” referred to in Gator Freightways is “an obligation under the prime contract between the contractor and a third party.” Id. at 383.
In Gator Freightways, a common carrier, Gator Freightways, contracted with its cus *1008 tomers to provide freight services. Gator Freightways then subcontracted this obligation to Lucious Reason, whose employee was injured while unloading an air conditioner from the trailer. Because Reason was performing Gator Freightways’ contractual duties to its customers, our supreme court held that Gator Freightways was the statutory employer of Reason’s employees and thus liable to provide them with workers’ compensation insurance.
The defendant concedes that it did not have a contractual obligation to provide security services to the office complex, to its tenants or to any entity. However, defendant argues that it had a common law duty to provide these services, which it discharged through Argenbright. ■ Defendant maintains that by discharging this common law duty via Argenbright, it became the statutory employer of Argenbright’s employees, and is thus entitled to workers’ compensation immunity.
Recently, the first district addressed an identical issue involving facts similar to those before us. See Rabon v. Inn of Lake City, Inc., 693 So.2d 1126 (Fla. 1st DCA 1997). In Rabón, the plaintiff was injured while working as a security guard on the premises of a Holiday Inn, owned by the defendant. The plaintiff was an employee of Wells Fargo Guard Services, Inc., the company which had a contract with the defendant to provide security services at the Holiday Inn where the plaintiff was injured.
Arguing that it was discharging a common law duty to provide security services to hotel guests, the defendant claimed that it was entitled to workers’ compensation immunity as the plaintiffs statutory employer. However, the first district court rejected this argument, as we do here.
The first district construed subsection 440.10(l)(b)
as an expression of legislative intent that the sublet work must be an obligation included within a promissory agreement between the contractor and a third party. By its own terms, the statute applies only “[i]n case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors.” Clearly, the legislature could have granted a broader statutory employer immunity by creating statutory employer status in any circumstance in which a business engages a subcontractor to perform a part of the business’ regular trade or work.
Rabon, 693 So.2d at 1130. Finding that subsection 440.10(l)(b) requires that the contractor sublet an obligation that is part of a contract, express or implied-in-faet, the first district held that discharging an obligation imposed purely by statute or common law does not meet the requirement of “contract work” necessary to provide an owner with immunity as a statutory employer. Id. at 1131. The first district in Rabón cited our decision in Woods in support of this conclusion.
We find that Woods also supports our decision. In Woods, a condominium association, while performing its statutory duty to manage and maintain condominium property, entered into a contract with a professional company to manage condominium property. An employee of this professional company was injured while using a vacuum cleaner owned by the association. We held that since there was no contractual obligation with the unit owners to perform these services — only a statutory duty- — the homeowner’s association could not be considered the statutory employer of the professional company’s injured employee. Woods, 611 So.2d at 1304.
Here, defendant did not have a contractual agreement with its tenants or with any party to provide security services, nor are there any facts from which an implied contractual obligation to provide security could be derived. Defendant was not even a party to the contract with Argenbright.
Even assuming that defendant in this case had a common law duty to provide security services to its tenants, discharging this common law duty alone would not be sufficient to grant workers’ compensation immunity to defendant. Defendant had no contractual relationship with plaintiffs employer, no contractual duty, either express or implied-in-fact, to provide security services to the tenants at Huntington Square, and thus had no obligation to provide workers’ compensation benefits to the employees of *1009 Argenbright. Therefore, it cannot be considered the statutory employer of plaintiff, entitled to workers’ compensation immunity. Accordingly, the summary judgment is reversed.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
POLEN and GROSS, JJ., concur.

. Defendant, a limited partnership, had originally developed a large parcel of land for residential, commercial and industrial uses. The Huntington Square office complex shared some land in common with residential condominiums. It was the homeowners' association for the condominiums that contracted with Argenbright. Defendant apparently paid a pro-rata portion of the cost for security services provided to the office complex, Huntington Square.