PER CURIAM.
The appellee, Juan Duran, plaintiff below, filed this personal injury complaint against Mira Group, Inc. (“Mira Group”). Both parties filed cross motions for summary judgment on Mira Group’s affirmative defense that it was Duran’s “statutory employer”-pursuant to section 440.10(l)(b), Florida Statutes (1995) and therefore enjoyed workers’ compensation immunity from this lawsuit pursuant to section 440.11, Florida Statutes (1995). The granting of Duran’s motion for final summary judgment on this issue and the denial of Mira Group’s cross motion prompted this appeal.
Mira Group is a construction company whose president and sole salaried employee is Pedro Mirabal. Mr. Mirabal’s wife, mother, and sister are the other corporate officers, but they are not active in the business. Mr. Mirabal is also a licensed general contractor and an unlicensed architect.
Mr. Mirabal, his wife and mother owned a piece of real property in Dade County and decided to build their residence on this property. According to the Mirabais, they entered into an oral agreement with Mira Group for it to build and design their home and to serve as the general contractor on the project. The Mirabais did not pay any money to Mira Group for its construction of their home, nor did Mr. Mirabal forego any compensation from Mira Group as consideration for the construction of the home. Instead the Mirabais maintain that as consideration, they agreed to allow Mira Group to advertise its services through the placement of signs on the property and to make the home available to Mira Group to serve as a model for its future potential customers.
During the course of the construction of the home, Mira Group hired several subcontractors and required that they all have and maintain workers’ compensation when they worked on the site. One such subcontractor hired by Mira Group was All American Garage Doors, Inc. (“All American”). All American was hired to install an automatic garage door system in the Mirabais home. Appellee, Juan Duran, was employed by All American.
According to the allegations contained in this suit Duran’s hand was seriously crushed during the installation process of the garage door system. Duran filed this suit against Mira Group for its alleged negligent design, construction or maintenance of the garage area, negligence in directing, instructing and ordering the installation of the garage door in a dangerous manner; and for its failure to warn. As an affirmative defense, Mira Group claimed to be the statutory employer of Duran pursuant to section 440.10[1] and therefore immune from suit pursuant to section 440.11[2]. The parties filed cross mo *341 tions for summary judgment on this affirmative defense. The trial court denied Mira Group’s motion and granted Duran’s motion for summary judgment based upon Duran’s argument that the alleged oral contract between the Mirabais and Mira Group was invalid for want of consideration. This appeal followed.
We believe that the question of whether Mira Group was Duran’s “statutory employer” for purposes of workers compensation immunity turns on whether the alleged oral agreement between the Mira-bais and Mira Group for the construction of the home was a valid contract supported by adequate consideration. As noted by the first district:
An entity does not become a “statutory employer” unless it is a contractor and subcontracts a part or parts of its contract work to a subcontractor. To be deemed a “contractor,” an entity’s primary obligation in performing a job or providing a service must arise out of a contract. Further to establish a statutory employment relationship, the entity claimed to be a contractor must have incurred a contractual obligation to a third party and must have delegated or sublet a part of its contractual obligation to a subcontractor whose employee is injured.
Proctor & Gamble Cellulose Co. v. Mann, 667 So.2d 338, 341 (Fla. 1st DCA 1995) (citations omitted). On the record before us there appears to be a genuine dispute between the parties as to whether the alleged agreement between the Mirabais and Mira Group was supported by valuable consideration. Since the sufficiency of consideration is a question of fact to be tried and resolved by the trier of fact, see Coquina Ridge Props. v. East W. Co., 255 So.2d 279, 280 (Fla. 4th DCA 1971), we conclude that neither of the parties were entitled to a summary judgment on the affirmative defense of workers’ compensation immunity in this case. We therefore reverse the summary judgment entered in favor of Duran and remand for further proceedings.
Reversed.

. Section 440.10, Florida Statutes provides, in relevant part, that:
(l)(b) In case a contractor sublets any part or parts of his or her contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment; and the contractor shall be liable for, and shall secure, the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment.
§ 410.10(l)(b), Fla. Stat. (1995).

. Section 440.11(1), Florida Statutes provides, in pertinent part, that:
*341 (1) The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability of such employer to any third-party tortfeasor and to the employee, the legal representative thereof, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death ... [.]
§ 440.11(1), Fla. Stat. (1995).