789 So.2d 1228 (2001)
Thomas R. SMITH, Appellant,
v.
MARINER'S BAY CONDOMINIUM ASSOCIATION, INC., Appellee.
No. 3D00-1011.
District Court of Appeal of Florida, Third District.
July 25, 2001.
Stone & Pestcoe and Scott L. Pestcoe, Fort Lauderdale, and Martin M. Dernis, Coral Gables, for appellant.
Josephs, Jack & Gaebe, Coral Gables, and DeWayne K. Terry, Miami, for appellee.
*1229 Before GODERICH and SORONDO, JJ., and NESBITT, Senior Judge.
PER CURIAM.
Thomas Smith appeals the trial court's entry of final summary judgment in favor of Mariner's Bay Condominium Association, Inc. (the association), based on statutory employer immunity under section 440.10(1)(b), Florida Statutes (1999).
Smith slipped and fell while patrolling the premises of the association, where his employer, Armor Security, had assigned him to work as a security guard.[1] Smith received worker's compensation benefits from Armor Security. Thereafter, he sued the association for damages arising from the slip and fall.[2]
The association moved for summary judgment on the grounds that no genuine issues of material fact existed as to its entitlement to worker's compensation immunity under sections 440.10(1)(b), 440.11(1), Florida Statutes (1999). In support of the motion, it presented an affidavit of its past president, Les Blumberg, who asserted that the unit owners expected security guard service and had paid maintenance fees for same for the previous eight years. The association also filed its 1997/1998 proposed budget, showing a line item reflecting an assessment for security service, and the minutes of the board meeting where the budget was adopted.
The trial court granted the motion for summary judgment, finding that the association had provided sufficient evidence to show an implied-in-fact contract for security services between itself and the unit owners, and that it had sublet that obligation to Armor Security. Thus, the court concluded that the association was a contractor within the meaning of section 440.10(1)(b) and as such, Smith's statutory employer, which rendered the association immune from civil liability to Smith. We disagree.
Section 440.10(1)(b), Florida Statutes, provides that,
In case a contractor sublets any part or parts of his or her contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment; and the contractor shall be liable for, and shall secure, the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment.
For the association to be a contractor (and thus Smith's statutory employer) under section 440.10, it must show that it has a contractual obligation to provide security guard services to the unit owners, a portion of which it sublet to Armor Security. Jones v. Florida Power Corp., 72 So.2d 285, 289 (Fla.1954); Woods v. Carpet Restorations, Inc., 611 So.2d 1303, 1304 (Fla. 4th DCA 1992). As a contractor, the association's primary obligation in providing security services to its residents must arise out of a contract. Roberts v. Gator Freightways, Inc., 538 So.2d 55 (Fla. 1st DCA), approved by 550 So.2d 1117 (Fla. 1989). The contractual obligation may be either express or implied-in-fact; however, it cannot be based on a duty purely imposed by statutory or common law. Rabon v. Inn of Lake City, Inc., 693 So.2d 1126, 1130-32 (Fla. 1st DCA 1997); Woods, 611 So.2d at 1304.
*1230 In Woods, the Fourth District Court of Appeal observed that a condominium association's obligation to manage and maintain condominium property is purely statutory, not contractual. 611 So.2d at 1304. In light of that distinction, the court in Woods held that a condominium association that contracted with a property management company to perform certain of the association's statutory duties did not render the association the statutory employer of the management company's employee who was injured while vacuuming the association's premises. Id.
Here, as in Woods, the association's obligation to protect the condominium property arises from its statutorily imposed duty to manage and maintain the property. Such an obligation cannot form the basis for a statutory employer relationship under the worker's compensation act. Woods, 611 So.2d at 1304; see Rabon, 693 So.2d at 1131-32 (holding that statutory employer status could not arise out of the subcontracting of hotel's common law duty to provide safe premises for its guests).
We recognize that an entity that has a contractual obligation, all or part of which is sublet to another, is not exempt from being a statutory employer under section 440.10 merely because the performance of that obligation is regulated by statute. Gator Freightways; cf. Woods, 611 So.2d at 1304 (distinguishing Gator Freightways by noting absence of contract between condominium association and unit owners). However, the record before us does not establish the terms of a contract, either express or implied-in-fact, between the association and the unit owners for security services. Instead, the facts and circumstances create a genuine issue as to whether the association had an implied-infact contract with the unit owners to provide such services. See Rabon, 693 So.2d at 1133 (finding that hotel's provision of security guards to ensure safety of its guest did not support conclusion that hotel had an express or implied-in-fact contract with its guests to provide security guard services); see also Holley v. Mt. Zion Terrace Apartments, Inc., 382 So.2d 98 (Fla. 3d DCA 1980)(recognizing that, where evidence showed that landlord had prior practice of providing armed guards, and that part of the tenant's rent may have been expressly for security, genuine issue was created concerning landlord's contractual responsibility to provide that protection, which precluded summary judgment). Since the association has not shown that its obligation to protect the condominium property is one that arises primarily from its contract with the unit owners for security services, rather than from its statutory duty to manage and maintain the property, it cannot be considered Smith's statutory employer under section 440.10.
Accordingly, we reverse the summary judgment in favor of the association and remand the cause for further proceedings consistent with this opinion.
Reversed and remanded.
NOTES
[1] The record shows that the association entered into a written contract for security guard services with Armor Security.
[2] The association answered and raised affirmative defenses, including that it was Smith's statutory employer under section 440.10(1)(b) and thus immune from civil liability.