[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 12, 2011
JOHN LEY
CLERK

No. 10-12718
_____

D.C. Docket No. 1:08-cv-22745-JAL

WELLINGTON SPECIALTY INSURANCE COMPANY,

Plaintiff - Counter
Defendant -Appellant,

versus

KENDALL CRANE SERVICE,

Defendant - Appellee,

JUAN FRANCISCO GARCIA,

Defendant - Counter
Claimant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 12, 2011)

Before BARKETT, WILSON and ARNOLD,[*] Circuit Judges.

PER CURIAM:

Wellington Specialty Insurance Company, an Arizona corporation, appeals from an adverse summary judgment declaring that insurance coverage exists under a policy it issued to Kendall Crane Service, a Florida corporation, for an accident in which Juan Francisco Garcia, a Florida resident, was injured. After careful review and with the benefit of oral argument, we affirm.

## I. Background

A general contractor, Thales Builders Corp., hired two separate subcontractors, Alameda Construction, Inc. and Kendall Crane, to work on a residential construction project. Alameda was hired to perform rough carpentry and rebar replacement work, and Kendall Crane was hired to provide a crane and operate it. Garcia was an employee of Alameda. He was not in privity with Kendall Crane; nor was Alameda in privity with Kendall Crane. At no time did he perform any work for Kendall Crane, and Kendall Crane never supervised or paid him.

Garcia was injured when a crane, which was operated by Kendall Crane's employees, struck him and caused him to fall to the cement floor below. He

---

[*] Honorable Morris S. Arnold, United States Circuit Judge for the Eighth Circuit, sitting by designation.

received workers' compensation benefits through Alameda's workers' compensation insurance policy. Neither Thales nor Kendall Crane provided workers' compensation benefits to him. Garcia also sued Kendall Crane, Alameda, and Thales in state court, alleging that Kendall Crane was grossly negligent in operating the crane, which caused his injuries.

Kendall Crane then filed a claim with Wellington under its commercial general liability policy. Wellington defended under a reservation of rights, and brought this declaratory judgment action, arguing that an exclusion precluding coverage for bodily injury to employees applies. This exclusion states, in relevant part:

This insurance policy does not apply to:

"Bodily injury" to:

(1) An "employee", "temporary worker", independent contractor of any insured or employee of any independent contractor arising out of and in the course of:

      (a) Employment by any insured; or

      (b) Performing duties related to the conduct of any insured's business; or

      (c) Arising out the injured party's employment; or

(2) A fellow "employee", "temporary worker", or independent contractor of any insured arising out of and in the course of such

employment when the insured is an "executive officer" of such employer; or

. . . .

The policy defines the term "employee" as follows: "'Employee' includes a 'leased worker.' 'Employee' does not include a 'temporary worker.'" The term "leased worker," in turn, is defined as "a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm to perform duties related to the conduct of your business. 'Leased worker' does not include a 'temporary worker.'"

Wellington conceded that Garcia was not Kendall Crane's actual employee, leased worker, or temporary worker. But it argued that the term "employee" in the exclusion refers not only to Kendall Crane's actual employees, but also to its statutory employees, as that term is defined in Florida's workers' compensation laws, and that Garcia was Kendall Crane's statutory employee as a matter of law. The district court rejected this argument, concluding that the employee exclusion does not apply, and thus that coverage exists.

## II. Discussion[1]

[1] We review the district court's grant of summary judgment de novo, drawing all facts and inferences in the light most favorable to the non-moving party. Dryer v. Lee, 488 F.3d 876, 878 (11th Cir. 2007).

As Wellington concedes that Garcia was not an actual employee, leased employee, or temporary worker of Kendall Crane, the only way that the policy's employee exclusion applies is if it incorporates the concept of a statutory employee as defined in Florida's workers' compensation laws, and if Garcia in fact qualified as Kendall Crane's statutory employee.

The concept of a statutory employee under Florida law comes from § 440.10(1)(b), Florida Statutes, which provides:

> In case a contractor sublets any part or parts of his or her contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment, and the contractor shall be liable for, and shall secure, the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment.

Based on the plain language of the statute, "[i]t is absolutely basic . . . that one cannot be a 'contractor' (and thus a statutory employer) within the meaning of this statute unless the 'contractor' has a contractual obligation, a portion of which is sublet to another." Woods v. Carpet Restorations, Inc., 611 So. 2d 1303, 1304 (Fla. Dist. Ct. App. 1992). Here, Kendall Crane did not sublet its contractual

5

obligation to Alameda. Thus, it could not have been the statutory employer of Alameda's employees, including Garcia.[2]

Moreover, the purpose and structure of § 440.10(1)(b) confirm that the statute does not confer statutory-employer status on Kendall Crane. "[T]he obvious legislative intent [of § 440.10(1)(b) is] to insure that a person performing a contractor's work, even as an employee of a subcontractor, shall be entitled to workers' compensation protection with the primary employer if the subcontractor fails to provide such coverage." Roberts v. Gator Freightways, Inc., 538 So. 2d 55, 60 (Fla. Dist. Ct. App. 1989). In other words, it seeks "to insure that a particular industry will be financially responsible for injuries to those employees working in it, even though the prime contractor employs an independent contractor to perform part or all of its contractual undertaking." Id. The statute does this by making the general contractor "responsible for securing coverage for the subcontractor's employees." Amorin v. Gordon, 996 So. 2d 913, 916 (Fla. Dist. Ct. App. 2008). In return, the statute immunizes general contractors from tort liability for the injuries of its subcontractors' employees. See Fla. Stat. § 440.10(1)(e). As such, the statute concerns the vertical relationship between a

_____

[2] To be sure, under § 440.10, Kendall Crane's and Alameda's employees were deemed to be "employed in one and the same business or establishment." But that does not help Wellington, because the policy's exclusion only applies to employees of Kendall Crane, not to employees of some other business or establishment, which in this case is Thales's business.

6

contractor and subcontractor, not the horizontal relationship between two subcontractors, which is the relationship at issue here. Indeed, the statute does not impose any obligation on a subcontractor to obtain workers' compensation coverage for another subcontractor's employees, and thus it would be nonsensical to call one subcontractor the statutory employer of the other subcontractor's employees.

The case that Wellington principally relies upon for the contention that Garcia was Kendall Crane's statutory employee, Florida Insurance Guaranty Ass'n v. Revoredo, involved the vertical relationship between a subcontractor's employee and the general contractor, not the horizontal relationship between the subcontractor's employee and another subcontractor. 698 So. 2d at 890, 890 (Fla. Dist. Ct. App. 1997). As this case involves a horizontal relationship between a subcontractor's employee and another subcontractor, Revoredo's holding that the subcontractor's employee was a statutory employee of the general contractor, and thus that the employee exclusion in the general contractor's insurance policy applied, is inapposite here.

Accordingly, the district court correctly determined that Garcia was not Kendall Crane's statutory employee and that the employee exclusion is inapplicable.

**AFFIRMED.**