NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

LEONIREZ HEREDIA,                          )
                                           )
                Appellant,                 )
                                           )
v.                                         )        Case No. 2D18-4127
                                           )
JOHN BEACH & ASSOCIATES, INC.,             )
and MICHAEL MELENDES GROSS,                )
                                           )
                Appellees.                 )
_____)

Opinion filed July 24, 2019.

Appeal from the Circuit Court for
Hillsborough County; Robert A. Foster, Jr.,
Judge.

Rolando J. Santiago and Gregory S.
Grossman of RJS Law Group, Apollo
Beach, for Appellant.

Carri S. Leininger of Williams, Leininger &
Cosby, P.A., North Palm Beach, for
Appellee John Beach & Associates, Inc.

No appearance for remaining Appellee.

LUCAS, Judge.

Leonirez Heredia appeals the circuit court's entry of a final summary

judgment in favor of John Beach & Associates, Inc. (JBA) and Michael Gross, the

defendants below. The circuit court was apparently persuaded that the plaintiff's

negligence claim was one between two subcontractors in horizontal privity under the Workers Compensation Law, §§ 440.01-60, Fla. Stat. (2017), and that, as such, the defendants were entitled to workers compensation immunity from the plaintiff's claim. Because the record does not support that determination, we reverse the circuit court's judgment.

In 2015, Lennar Homes, LLC (Lennar) was developing a tract of land it owned in Riverview into a residential community known as Oaks at Shady Creek. Although the record is somewhat sparse as to what were Lennar's precise plans for this property, it is undisputed that Lennar was, at all times relevant, the fee simple owner of Oaks at Shady Creek. That is, Lennar was developing Lennar's own property, not someone else's.

From the record before us, it appears that Mr. Heredia was an employee of QGS Development, Inc. (QGS), a company that Lennar had hired to perform road work in the Oaks at Shady Creek subdivision. On April 22, 2015, Mr. Heredia was working at the site, cleaning dirt from a road. Mr. Gross, an employee of JBA, was working in the same vicinity as Mr. Heredia. JBA had been retained by Lennar to provide surveying work for the Oaks at Shady Creek development.[1]

Mr. Heredia alleges that Mr. Gross drove his JBA truck negligently by backing it into him. He filed a complaint against JBA and Mr. Gross in the Hillsborough

---

[1]JBA was working under a "blanket contract" that covered multiple Lennar subdivisions, a document which describes JBA as a "subcontractor." However, John Beach, the owner of JBA, testified that he did not know whether Lennar owned any of the subdivisions JBA worked on, and that his company had also been referred to as a "vendor." QGS' contract with Lennar identifies Lennar as "Owner" and QGS as "Contractor."

County Circuit Court. JBA and Mr. Gross generally denied the complaint's allegations and, pertinent here, asserted the affirmative defense that Mr. Heredia's negligence claims were barred under the Worker's Compensation Law.

The parties engaged in discovery and eventually filed competing motions for summary judgment on the issue of worker's compensation immunity. In the defendants' motion, JBA and Mr. Gross argued that QGS and JBA were both subcontractors of Lennar for the Oaks at Shady Creek development. Further, JBA and Mr. Gross maintained that QGS, JBA, and Lennar had workers compensation insurance coverage for this project—QGS' policy provided coverage for its employees; JBA's policy covered JBA's employees; and Lennar's policy extended coverage that "would have provided coverage to the Plaintiff." As such, the defendants argued, there was horizontal privity between the subcontractors, JBA and QGS, so that JBA and Mr. Gross were immune from civil liability for QGS' employee's injuries.

Mr. Heredia's motion for summary judgment argued otherwise. He pointed out that the applicable subsection of the Workers Compensation Law, section 440.10(b), only creates horizontal privity when "a contractor sublets any part or parts of his or her contract work to a subcontractor or subcontractors." Because Lennar was developing the Oaks at Shady Creek project for itself as the owner, and not under a contract Lennar had with any third party, Lennar could not be considered a "contractor" that was "subletting" work under this section. Accordingly, he argued, neither JBA nor Mr. Gross were immune from civil liability as a matter of law.

The circuit court agreed with the defendants. In an unelaborated order, it granted JBA and Mr. Gross' motion for summary judgment. In a separate and equally

sparse order, the court denied Mr. Heredia's competing motion for summary judgment. Those rulings became final in the circuit court's amended final judgment against Mr. Heredia, which was entered on September 14, 2018. Like the summary judgment orders that preceded it, the circuit court's amended final judgment contained no findings or any legal analysis. Mr. Heredia now appeals that judgment.

> We review a circuit court's entry of summary judgment under a de novo standard of review. Herendeen v. Mandelbaum, 232 So. 3d 487, 489 (Fla. 2d DCA 2017) (citing Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000)). A party is entitled to summary judgment only "if the pleadings and summary judgment evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fla. R. Civ. P. 1.510(c).

Dyck-O'Neal, Inc. v. Norton, 267 So. 3d 478, 480 (Fla. 2d DCA 2019).

In the case at bar, we are called upon to examine the scope and application of a type of workers compensation immunity,[2] commonly known as "horizontal immunity," between two parties working on a construction project. The Fourth District succinctly summarized the concept in Ciceron v. Sunbelt Rentals, Inc., 163 So. 3d 609, 612 (Fla. 4th DCA 2015): "Workers' compensation immunity has been broadly expanded by the legislature to include subcontractors and sub-subcontractors

---

[2]Subject to limited exceptions, section 440.11(1) provides that

[t]he liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability, including vicarious liability, of such employer to any third-party tortfeasor and to the employee, the legal representative thereof, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death . . . .

working at a construction site, precluding an employee of one contracting entity injured on the job from suing another contracting entity working at the same construction site in tort."

Section 440.10(1)(b) provides the contours of horizontal immunity:

> In case a contractor sublets any part or parts of his or her contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment, and the contractor shall be liable for, and shall secure, the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment.

The issue here is whether Lennar was a "contractor" that "sublet part or parts" of its "contract work to a subcontractor or subcontractors" for purposes of section 440.10(1)(b). If Lennar was a "contractor" and it "sublet" a part of its "contract work" to JBA and QGS to work at Oaks at Shady Creek, then JBA and its employee Mr. Gross would be immune from tort liability for Mr. Heredia's alleged injuries on the work site. If Lennar was not subletting contract work to subcontractors, then they would not have horizontal immunity.

As it happens, we have delved into this definitional issue before. In Derogatis v. Fawcett Memorial Hospital, 892 So. 2d 1079, 1083-84 (Fla. 2d DCA 2004), we explained that for a party to be considered a "contractor" pursuant to section 440.10(1)(b),

> its " 'primary obligation in performing a job or providing a service must arise out of a contract.' " Sotomayor v. Huntington Broward Assocs. L.P., 697 So. 2d 1006, 1007 (Fla. 4th DCA 1997) (quoting Gator Freightways, Inc. v. Roberts, 550 So. 2d 1117, 1119 (Fla. 1989)). This " 'primary obligation' . . . is 'an obligation under the prime contract

- 5 -

> between the contractor and a third party.' " <u>Sotomayor</u>, 697 So. 2d at 1007 (citing <u>Miami Herald Publ'g v. Hatch</u>, 617 So. 2d 380, 381 (Fla. 1st DCA 1993)). "Stated another way, the rule is that the entity alleged to be the contractor must have 'incurred a contractual obligation to a third party, a part of which obligation the entity has delegated or sublet to a subcontractor whose employee is injured.' " <u>Antinarelli v. Ocean Suite Hotel</u>, 642 So. 2d 661, 662 (Fla. 1st DCA 1994) (quoting <u>Hatch</u>, 617 So. 2d at 381).

Our court has emphasized that "[t]he statutory terms 'contractor' and 'contract work' *plainly and unambiguously posit a party performing work pursuant to a contract with another*." <u>Slora v. Sun 'n Fun Fly-In, Inc.</u>, 173 So. 3d 1099, 1102 (Fla. 2d DCA 2015) (emphasis added).

There is no record evidence before us that Lennar was performing any work, of any kind, on behalf of any third party with respect to the Oaks at Shady Creek development. To the contrary, the evidence thus far tends to show that Lennar was acting on its own behalf as the owner of its own property.[3] See <u>Cuero v. Ryland Grp., Inc.</u>, 849 So. 2d 326, 329 (Fla. 2d DCA 2003) (reversing summary judgment that deemed Ryland a "statutory employer" under section 440.10(1)(b) where "Ryland was the fee owner of the property upon which it was developing the Bayshore Townhomes to sell for profit" and "Ryland undertook to develop its own property acting as its own general contractor"). Therefore, the final summary judgment in favor of JBA and its employee Mr. Gross was entered in error and must be reversed.

Reversed and remanded.

---

[3]It appears from the transcript of the summary judgment hearing that the presiding judge simply misapprehended the distinction between an owner hiring parties to perform work on the owner's property and an owner hiring a general contractor who, in turn, hires parties to perform work on the owner's property.

CASANUEVA and VILLANTI, JJ., Concur.