DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT
_____

JACKIE TEED,

Appellant,

v.

EVEREST CAMPUS EAST, LLC, and BAY GUARD POOL
SERVICES,

Appellees.

No. 2D2025-0213
_____

April 8, 2026

Appeal from the Circuit Court for Hillsborough County; Anne-Leigh
Gaylord Moe, Judge.

Brian J. Lee and Ryan A. Carlson of Morgan & Morgan, Jacksonville, for
Appellant.

Donna M. Krusbe, Annmarie G. Flores, and Jaime B. Eagan of Wilson
Elser Moskowitz Edelman & Dicker LLP, West Palm Beach, for Appellee
Everest Campus East, LLC.

Tiffany Gatesh Fearing of Wicker Smith O'Hara McCoy & Ford, P.A.,
Tampa, for Appellee Bay Guard Pool Services.


LABRIT, Judge.

The trial court entered final summary judgment on Jackie Teed's

negligence claim, concluding that Everest Campus East, LLC (Everest), is

a "subcontractor" entitled to horizontal workers' compensation immunity

under section 440.10(1)(e), Florida Statutes (2023). Because the trial

court misapplied the law, we reverse.

Mr. Teed alleged that he sustained injuries on the job while servicing a pool at an apartment complex in Tampa. He worked for Bay Guard Pool Services (Bay Guard) at the time, and Bay Guard was under contract with the owner of the complex, Tampa SH1 Owner, LLC (Owner), to maintain the pool. After the incident, Mr. Teed sought and obtained benefits under a workers' compensation insurance policy that Bay Guard had secured to cover its employees.

Thereafter, Mr. Teed filed a negligence complaint against Everest. Everest was the property manager for the complex under a management agreement with the Owner, which required Everest to "keep the [complex] in good operating condition" and perform "normal maintenance and repair work." In his complaint, Mr. Teed alleged that Everest failed to maintain the premises in a reasonably safe condition and failed to warn him of a dangerous condition, which resulted in his alleged injuries.[1]

Everest later moved for summary judgment against Mr. Teed on multiple grounds, but only one is pertinent to this appeal. Everest argued that it was immune from suit under section 440.10(1)(e) of Florida's Workers' Compensation Law, which states:

> A subcontractor providing services in conjunction with a contractor on the same project or contract work . . . is protected by the exclusiveness-of-liability provisions of s[ection] 440.11 . . . on account of injury to an employee of another subcontractor, . . . provided that:
>       1.     The subcontractor has secured workers' compensation insurance for its employees . . . ; and
>       2.     The subcontractor's own gross negligence was not the major contributing cause of the injury.

---

[1] Everest, in turn, filed a third-party complaint against Bay Guard, asserting claims for breach of contract and contractual indemnity as an alleged third-party beneficiary of Bay Guard's contract with the Owner, along with a claim for common law indemnity.

Everest maintained that it qualified for immunity under this subsection because, according to Everest: (1) it was a "subcontractor" working on the same project as Bay Guard; (2) Mr. Teed received workers' compensation benefits; and (3) Mr. Teed did not raise any allegations of gross negligence.

The latter two points were not in dispute, but Mr. Teed challenged Everest's argument that it was a "subcontractor" immune from suit under section 440.10(1)(e). After hosting two multihour hearings during back-to-back weeks, the trial court orally ruled for Everest, concluding that Everest "is entitled to the summary judgment under [section] 440.10(1)(e) because [Everest and Bay Guard] were both subcontractors for the same contractor, working on the same project." Six weeks later, the trial court entered final judgment for Everest,[2] and Mr. Teed timely appealed.

Mr. Teed argues, as he did below, that Everest does not qualify for immunity under section 440.10(1)(e). We agree. The immunity that this subsection creates—commonly known as horizontal immunity—exists between subcontractors working for a "contractor" on the same project. *See* § 440.10(1)(e). For decades, courts have recognized that a "contractor" in terms of section 440.10(1) is an entity whose primary

---

[2] The trial court's order granted summary judgment in favor of both Everest and Bay Guard on the issue of workers' compensation immunity—even though Mr. Teed did not sue or have a pending claim against Bay Guard. Mr. Teed challenges this disposition as to Bay Guard, but because we reverse the trial court's immunity ruling, we deem it unnecessary to address the propriety of the trial court's decision to include Bay Guard in its summary judgment order.

We further note that in the summary judgment order, the trial court also dismissed Everest's third-party complaint against Bay Guard as moot. No party appealed the dismissal of Everest's third-party complaint, so it is not before us for consideration.

obligation to perform the subcontracted work arises from a contract with a third party. *See Gator Freightways, Inc. v. Roberts*, 550 So. 2d 1117, 1119 (Fla. 1989) ("[F]or a company to be a contractor under this section, its primary obligation in performing a job or providing a service must arise out of a contract."); *Heredia v. John Beach & Assoc.*, 278 So. 3d 194, 197 (Fla. 2d DCA 2019) ("For a party to be considered a 'contractor' pursuant to section 440.10(1)(b), its primary obligation in performing a job or providing a service must arise out of a contract." (citation modified)); *Slora v. Sun 'N Fun Fly-In, Inc.*, 173 So. 3d 1099, 1102 (Fla. 2d DCA 2015) ("The statutory terms 'contractor' and 'contract work' [in section 440.10(1)(b)] plainly and unambiguously posit a party performing work pursuant to a contract with another."); *Antinarelli v. Ocean Suite Hotel*, 642 So. 2d 661, 662 (Fla. 1st DCA 1994) ("[T]he rule is that the entity alleged to be the contractor must have 'incurred a contractual obligation to a third party, a part of which obligation the entity has delegated or sublet to a subcontractor whose employee is injured.' " (quoting *Miami Herald Publ'g v. Hatch*, 617 So. 2d 380, 381 (Fla. 1st DCA 1993))).[3]

We explained this principle in *Heredia*, where the facts were not dissimilar to the instant case. There, a homebuilder hired several

---

[3] While many of these cases discuss what qualifies as a "contractor" under section 440.10(1)(b), we ascribe the same meaning to the same term used in section 440.10(1)(e). *See Rollins v. Pizzarelli*, 761 So. 2d 294, 298 (Fla. 2000) ("[T]he same meaning should be given to the same term within subsections of the same statute."); *Nat'l Auto Serv. Ctrs., Inc. v. F/R 550, LLC*, 192 So. 3d 498, 507 (Fla. 2d DCA 2016) ("The presumption is that when the legislature uses the same term multiple times in the same statute, that term carries the same meaning each time it is used."); Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 170 (2012) ("A word or phrase is presumed to bear the same meaning throughout a text . . . .").

companies to develop a tract of land that it owned and intended to convert to a residential community. 278 So. 3d at 195. An employee of the company hired to perform road work was injured on the job, and he sued the company hired to perform surveying work. *Id.* The surveyor obtained summary judgment on the basis of workers' compensation immunity. *Id.* at 196. But this court reversed because there was no evidence that the homebuilder "was performing any work, of any kind, on behalf of any third party," and the evidence instead suggested that the homebuilder "was acting on its own behalf as the owner of its own property." *Id.* at 197. Thus, the homebuilder was not a "contractor" under section 440.10(1), and the surveyor was not entitled to horizontal immunity. *See id.*; *see also Woods v. Carpet Restorations, Inc.*, 611 So. 2d 1303, 1304 (Fla. 4th DCA 1992) (concluding that a condominium association was not a "contractor" immune from suit under section 440.10(1)(b) because the association's statutory duty to maintain the property did not arise out of a contract).

The same is true here. Everest presented no evidence showing that the Owner had a primary contractual obligation to any third party to maintain the premises or the pool that it then subcontracted to Everest or Bay Guard. The only two contracts in the record are the management agreement between the Owner and Everest, and the pool maintenance contract between the Owner and Bay Guard. Neither qualifies the Owner as a "contractor," or Everest as a "subcontractor," under section 440.10(1)(e).

The learned trial judge apparently overlooked this evidentiary gap, as well as the lack of any primary contractual obligation on the Owner's part. But the unambiguous language of section 440.10(1)(e) establishes that Everest cannot be immune from suit unless it was a "subcontractor"

5

working for a "contractor" on the same project as Mr. Teed's employer Bay Guard.[4]  It wasn't, so the trial court erred in granting summary judgment to Everest.

We therefore reverse the order on review to the extent it enters judgment on Mr. Teed's negligence claim, and we remand for further proceedings.

Reversed and remanded.

SILBERMAN and SMITH, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

_____

[4] We note that Everest also cannot be immune from suit unless it "secured workers' compensation insurance for its employees or the contractor . . . secured such insurance," per the plain language of section 440.10(1)(e)1.  *See Amorin v. Gordon*, 996 So. 2d 913, 918 (Fla. 4th DCA 2008); *see also Bruno v. Destiny Transp., Inc.*, 921 So. 2d 836, 841 (Fla. 2d DCA 2006) ("Immunity is based on a quid pro quo involving the duty of providing workers' compensation benefits, the absence of which eliminates the corresponding immunity.").  Although the parties did not raise this issue, there is no evidence of such coverage in the record.